No. 2570.

JOHN C. BROWN, RECEIVER, ETC., *v.* TAYLOR M. GRIFFIN.

1. CONTRIBUTORY NEGLIGENCE—CHARGE.—See charge characterized as fully presenting all phases of the defense.

2. STATUTORY, CARE AT CROSSINGS.—It was not error in the court to instruct the jury as to the statutory duty of railroad trains signalling their approach; and it was no excuse for such omission that the approaching train was upon a side track and that the main track at the crossing was already occupied by a train.

3. CHARGE.—It was not error to instruct upon the duty of care on part of those running the train if a person is seen in danger from the train where the engineer testified that he had not seen the injured party, there being circumstances in evidence from which the jury may have discredited his statements.

4. FACT CASE.—Facts from which a jury could determine liability of the railroad company for damages.

APPEAL from Jefferson.   Tried below before the Hon. W. P. McLean.

This is an appeal from a judgment in favor of Griffin, the appellee, for four thousand four hundred dollars damages for personal injuries inflicted at Atlanta, Texas, by being struck by an engine.   The engine and road where the injury was received was at the time in the hands of appellant as receiver.

The defendant pleaded general denial and that the plaintiff attempted to cross the railroad track in front of the engine without any care on his part.   The testimony sufficiently appears in the opinion.

On the trial after instructing the jury as to the duty of the defendant the court further charged :  "It is likewise the duty

of persons who are about to cross a railroad track to use reasonable care and caution, by the exercise of the sense of seeing and hearing to ascertain whether or not there may be danger from approaching trains.

"If a person about to cross the track of a railroad fails to use reasonable caution under the circumstances surrounding him to observe and ascertain by looking and listening whether there is a train approaching from which he may receive injury in crossing and in attempting to cross, is struck by a passing train and injured he can not recover for such injury if his failure to use proper and reasonable care contributed to such injury, though the proper signals were not given by such approaching train. And if a person voluntarily and negligently stops on a railroad track or so near that a passing engine or train would strike him and fails to use reasonable care and caution by looking in both directions and listening for approaching trains, and by reason of such want of care he fails to observe an approaching engine or train, and it either strikes or injures him he can not recover although no signals were given by such engine or train. The law does not in any such case permit a person to rely upon an approaching engine to give him warning by signals. He must himself use his senses so far as the same will serve him to ascertain the fact of an approaching train and avert danger by getting out of the way. If he fails to do so he can not recover for injuries incurred by reason of such failure."

*F. H. Prendergast,* for appellant: The court erred in charging that plaintiff could recover although he placed himself in a position of danger. If the person on the engine saw him in time to warn him of his danger by signal and failed to give such signal, this was error, because there was no evidence that the person on the engine saw plaintiff, but the evidence shows that he did not see plaintiff.

J. R. Phillips, the fireman, and only person on the engine, testified he did not see plaintiff until after he was injured. The fireman was on the right hand side, and Griffin was on the left side. (Railway v. Gilmore, 62 Texas, 391; Railway v. Wisenor, 66 Texas, 675; Railroad v. Ritchie, 19 Am. and Eng. Railroad Cases, 273.)

The court erred in not granting a new trial, because the verdict is contrary to the evidence in this: The evidence showed

that plaintiff walked up to the side track. and, without any reason, stood for one and a half minutes so near the track that the engine struck him, and did not look both ways for the engine, and nothing obstructed the view, and he saw a train was occupying the main track at the crossing.

Under this assignment the real merits of the case will be discussed. In the case of Dovey v. London & Southwestern Railroad, 11 Q. B. D., 213, cited at length in 19 American and English Railroad Cases, 247, Dovey went on the line and there were two tracks. He looked in one direction, but admitted he did not look in the other direction. The engine driver did not whistle. He was struck by a train coming from the direction in which plaintiff did not look. The court non suited the plaintiff.

In the case of Reading & Columbia Railroad v. Ritchie, 19 American and English Railroad Cases, 274, 575, the court say the presumption in the absence of evidence is that a man about to cross the railroad track performed his duty and looked and listened, but this presumption must give way to the actual proof that he did not look both ways, which was his duty to do. To the same effect is the case of the Pennsylvania Railroad v. Maryland, 61 Maryland, 108; same case, 19 American and English Railroad Cases, 327; Schofield v. Railway, 114 United States, 615; same case, 19 American and English Railroad Cases, 353; 95 United States, 697; Pierce v. Railroad, 19 American and English Railroad Cases, 366; Patterson's Railway Accident Law, secs. 173, 174. 182, 183, sec. 177, page 172.

We take the position that the fact that the freight train occupied the crossing was a warning to all persons not to come on the crossing, just as much so as though a guard stood on the crossing and warned all persons that the railroad was then using the crossing. Under this state of case the plaintiff walked up and stood so near the track that the passing engine struck him. Was it natural that the man on the engine should expect any person to be standing on the track in the crossing, when there, in plain view, stood the train, occupying the crossing? We say that the man on the engine had a right to expect that all persons would stand clear of the track, and had no reason to expect that a man would voluntarily stand on the track where plaintiff stood.

*C. A. Culberson*, for appellee: The charge upon the duty of signaling the approaching train was proper. (Rev. Stats.,

art. 4232; R. R. Co. v. Wright, 62 Texas, 515; Blaiser v. R. R. Co., 17 N. E. Rep., 692; R. R. Co. v. Holmes, 18 Pacific Rep., 76; R. R. Co. v. Robinson, 48 Cal., 409; Deering on Neg., sec. 249.)

The charge was not error in defining the duty of those handling the trains to look after the safety of persons on or near the track from danger from the approaching train.

Though the fireman testified that he did not see appellee, and though no one testified affirmatively that he did see him, yet, there were circumstances which contradict the fireman. It should be remembered that affirmative testimony that one person actually saw another as a distinct, substantive fact is in its nature impossible. Especially under the peculiar circumstances of this case—no one being with the fireman, it could not be done. In the act of seeing there is not only a phyisical, but an intellectual effort. Aside from the evidence of the man himself, the fact therefore must be shown or derived by circumstances and outward evidences and inconsistent indications. (Palmer v. R. R. Co., 31 A. & E. R. R. Cases, 371.)

But this charge was too favorable to the appellant, even as given, and he can not complain. It required a wilful failure of duty before recovery could be had and made appellee a trespasser.

The law of the case is that the injury having occurred in a town at a public crossing, the right of the appellant to the track was subordinate to that of the public, and that, not only if the agents saw, but if by proper watchfulness they could have seen, appellee in time to prevent the injury, and failed to do so, he could recover. (R. R. Co. v. Walker, 70 Texas, 126; R. R. Co. v. Lowry, 61 Texas, 149; R. R. Co. v. Carson, 66 Texas, 345; R. R. Co. v. Chapman, 57 Texas, 75; R. R. Co. v. Symkins, 54 Texas, 622; 8 S. W. Rep., 420; Dahlstrom v. R. R. Co., 8 S. W. Rep., 777; 19 A. & E. R. R. Cases, 20 and note; Guenther v. R. R. Co., 8 S. W. Rep., 371; R. R. Co. v. Donovan, 4 So. Rep., 142.)

The evidence supports the verdict and judgment. (R. R. Co. v. Wilson, 60 Texas, 142; Railroad Company v. Boozer, 70 Texas, 530; Deering on Neg., sec. 255; McGovern v. R. R. Co., 67 N. Y., 417; Robinson v. R. R. Co., 48 Cal., 409; R. R. Co. v. Dillon, 32 A. & E. R. R. Cases, 7 and note.)

GAINES, ASSOCIATE JUSTICE. The appellee was injured by an engine on the railroad of the Texas & Pacific Railway Com-

pany, of the property of which the appellant is receiver. This action was brought to recover damages for the injury. The accident occurred in Atlanta, which was shown to be an incorporated town, at a point where a street crossed the track of the company. The depot building stands within a few feet of this street, upon a side track. The main track is beyond this side track from the depot building. The road at this place, as shown by the map in evidence, runs east and west. The appellee, desiring to cross the railroad, came down to the depot building and passed west along its platform and along the side track to the street, and found that the crossing was completely obstructed by a long train of freight cars standing upon the main track. He halted at the edge of the side track, as he testified, near the end of the cross ties, and looked westward for an engine on that track, but saw none. He remained where he had stopped for a minute or minute and a half, when he was struck by the outer edge of the pilot of an engine coming from the east, and thrown down and injured. At the time he was struck his back was towards the east. This is substantially plaintiff's own testimony. The evidence was conflicting as to rate the engine was running. A witness for plaintiff gave the rate of speed as being from six to eight miles per hour, while one of the defendant's employes stated it was four, and another six miles. The engine was operated by a fireman, the engineer being at dinner. No bell was rung or whistle blown.

The general charge of the court was very full and favorable to the defendant. The jury were very pointedly told that it was the duty of the plaintiff, upon reaching the crossing, to look and listen for approaching trains; and that if one stops so near a railroad track as to be struck by an engine, without looking in both directions and listening, and is thereby injured, he could not recover, although the persons in charge of the engine may have been negligent. The jury were also told that "the law does not permit a person to rely upon an approaching engine to give him warning by signals." In short, the charge presented the theory of contributory negligence under every possible phase of the testimony, in so clear and emphatic a manner that further instructions were neither necessary nor proper.

It follows from this that the court did not err in refusing the instructions asked by appellant. This disposes of his second and third assignments of error.

We think that there was no error in charging the jury that it was the duty of the persons in charge of a railway train to ring the bell or blow the whistle at a distance of eighty rods from the place where any railroad crosses any street in a town, and to continue such ringing or blowing until the train shall have crossed the street. The statute requires this, and we do not concur in the proposition of appellant, that because the street was obstructed by a standing train, this duty was not obligatory upon those running a train upon the side track. The statute makes no exception, and we see no reason for making the exception claimed by appellant. The reasons for requiring the signal may not be so strong where the street is obstructed and the side track is left open, as where both are unobstructed; yet the same reason exists in both cases. It is the avoidance of danger to persons passing along the street and over the track, that law seeks to secure. The danger exists in both cases, and the difference is only in degree.

It is complained that the court erred in charging in effect, that the plaintiff could recover although he put himself in a position of danger, if the person in charge of the engine saw him in time to warn him of danger by giving the signal and failed to do it. It is claimed that there was no evidence to warrant this charge. Upon the theory that the jury were bound to believe the fireman, who swore he did not see plaintiff, this may be true. But the proof is, that he was upon the engine operating it, and that there was nothing in front of it to obstruct his view of the track. The jury might have presumed from this that he did see the plaintiff. Is the court bound to assume that this presumption is wholly destroyed, because a witness swore to the contrary ? It may be that the weight of the evidence is clearly against the theory that the fireman saw the plaintiff; yet we can not say that the proposition presented was so manifestly without evidence, that it was calculated to mislead the jury.

It is lastly assigned that the verdict is unsupported by the evidence, in this : that the proof shows that the plaintiff was guilty of contributory negligence. It is clear that but for the negligence of appellant's servant, the injury would not have occurred; and we can not say that the jury were not warranted in concluding that contributory negligence was not proved. The question of plaintiff's negligence was one of fact to be determined in the light of all the circumstances. Ordinary pru-

dence demands a degree of care proportionate to the apparent danger. The plaintiff, when he was struck, had just passed along the side track for a short distance, and no engine or train was there. He looked in the opposite direction. It may be conceded that the presumption is that he did not look behind him. Why he did not, he does not say. It may be, that there being no train upon the portion of the track near which he had passed, he did not think it necessary. There was no bell ringing or whistle blowing. He did not stop upon the track, but at a point where, upon a moment's warning, he could have removed himself from danger. Under these circumstances, this court can not say the verdict of the jury is against the evidence. It was a matter peculiarly within their province, and the court below having approved the verdict, it will not be disturbed here.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered November 2, 1883.