Texas & Pacific Railway Company v. George P. Ball.

No. 1228.  Decided June 15. 1903.

1.—Negligence—Discovered Peril—Sufficiency of Evidence.

Evidence in case of a child struck by engine in crossing the track considered and held not sufficient to justify the submission of the issue of omission of a duty arising upon discovery of the injured party in a situation of peril. (Pp. 623-626.)

2.—Same.

Where the employes of defendant operating its engine deny having seen the injured party before striking him, the evidence to justify the submission of the issues arising on discovered peril notwithstanding contributory negligence must amount to more than a mere scintilla of evidence tending to prove, not merely that the peril might have been, but that it actually was discovered. (P. 625.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Fannin County.

*T. J. Freeman* and *Head & Dillard,* for plaintiff in error.—The evidence in this case was not sufficient to authorize the submission to the jury of the actual discovery of Ashley Ball on the track by the employes of defendant in charge of its engine in time to avoid injuring. him. Fort Worth, etc., Railroad Co. v. Shetter, 94 Texas, 196.

*T. M. Barnes* and *Richard B. Semple,* for defendant in error.—The evidence in this case was sufficient to authorize the submission by the court to the jury of the actual discovery of Ashley Ball on the track by the employes of defendant in charge of its engine in time to avoid injuring him.  Texas, etc., Railroad Co. v. Breadow, 90 Texas, 26; Patton v. Rucker, 29 Texas, 402.

BROWN, Associate Justice.—George P. Ball instituted this suit in the District Court of Fannin County to recover from the Texas & Pacific Railway Company the damages alleged to have been occasioned by injuries inflicted through the negligence of the defendant upon Ashley Ball, a son of the plaintiff, aged about 11 years.  The honorable court of Civil Appeals did not make a statement of the facts found by it, except in connection with the argument of the case, and we make the following statement from the undisputed evidence and the findings of the said court:

Ashley Ball, the son of plaintiff, George P. Ball, being about 11 years old, was attending the schools in the city of Bonham, Texas.  His father lived on the opposite side of the railroad track from where the school was situated, and Ashley was on this occasion attempting to cross the track at a place where he was accustomed to cross it on his way to school and at which point the school children and other citizens of Bonham had crossed over the track for a long time without objection on the part of the railroad company.  There was an engine with a tender attached in the railroad yards at Bonham at that time going west-

wards to Sherman Junction. The engine was running a. the rate of not less than eight miles an hour, probably much more rapidly, at the time of the injury, which occurred within the limits of the city of Bonham. There was, at that time, in force in that city an ordinance which prohibited railroad locomotives to run at a greater speed than six miles per hour within the corporate limits. Just as Ashley Ball was crossing the railroad track the engine struck him, inflicting upon him serious bodily injury. The Court of Civil Appeals concluded that the engineer on the locomotive saw Ashley Ball and knew his peril in time to have stopped the engine and to have prevented the injury to the boy. The judge of the trial court gave the jury this charge: "If Ashley Ball was in a position of imminent peril on the track, and if defendant's employe or employes in charge of its engine discovered his perilous position and that he would probably not be able to escape, and if after such discovery said employes failed to exercise proper and reasonable care and diligence to use all reasonable means within their power to avoid injuring him, and if such failure was the direct cause of the injury, then the plaintiff is entitled to recover, even though you should find that Ashley Ball and his parents were all guilty of negligence in the first instance."

Defendant assigns as error that there was no evidence to justify the trial court in giving that charge. The engineer who was in charge of the locomotive testified as follows: "I was engineer on the engine that struck Ashley Ball. The first time I saw him was when he passed over the pilot as the engine struck him. I had not noticed him on the track as we approached that place. I was on the right side of the engine. I began stopping after I struck him and went probably across that bridge. I was going somewhere between eight and twelve miles an hour. There was eighteen or twenty feet of boiler out in front of where the engineer sits. I could not see an object in front of the engine on the left side at a distance from the engine of less than twenty or twenty-five feet. I was sitting down at the time of the accident. I was looking up the track at the time. It was my duty to look up there." Ashley Ball testified upon this point as follows: "I started to cross over the track from the south side and before I got quite across my hat blew off back south and fell in a little hole in the middle of the track, and as I stooped to pick it up the engine hit me. The wind was blowing pretty strong. I had not been on the track any time when I was hit; I had just started across." Ernest Scrivner, one of the boys with Ashley, testified as follows: "Will Fleming and a negro were fighting on the north side of the track and we went over on the south side where some little negroes were fishing, and the fight began again and I and Ashley tried to cross and his hat blew off. I went back and got his hat and threw it to him, and just about the time I got to where the switch was he went across and the engine hit him. I was standing there by the switch just south of the main track about three feet south of Ashley when he was struck; the train was running pretty fast. He just started to step on the track

when the engine hit him." Jim Bailey testified with regard to this matter as follows: "There were a number of boys there near the track where Ashley was hurt; there were three of them crossed over before him, one after another, and there were a number waiting to get across when he was hit. The boys first started to cross when the engine was about fifty yards from them." James Rotan testified: "The engine was 75 or 100 feet from the boy, to the best of my recollection, when he stepped on the track. The boy was walking pretty fast it looked like. I was by the corner of the cotton factory; * * * the factory is further east than the east end of the coal chute." Will Fulghum testified, that where I was told the accident occurred is fifteen or twenty feet east from the east end of the bridge. From the place of the accident to the west end of the coal chute is 320 steps. I suppose I would step something like three feet. I would suppose the coal chute to be 150 or 200 feet long. George P. Ball testified, that if the engine was going six miles per hour it could be stopped in fifteen or twenty feet.

The question we are called upon to decide in this case is, "was there sufficient evidence to authorize the court to submit to the jury the issue of discovered peril?" The engineer and fireman, who were upon and in control of the locomotive at the time of the accident, testified that neither of them saw Ashley Ball until after he had been struck by the engine; the engineer was sitting on the right side of his cab going westward looking ahead up the track as it was his duty to do, while the fireman was engaged in the work of putting coal into the furnace and had no opportunity to discover the boy before he was injured. Notwithstanding the employes deny positively that they saw the boy before his injury, the court was authorized to submit the issue to the jury if there was testimony of such facts and circumstances as would prove that the engineer did in fact see the boy before he was injured. Brown v. Griffin, 71 Texas, 659. In examining this question we must accept the phase of the testimony most favorable to the plaintiff.

The liability of the railroad company for the injury inflicted upon Ashley Ball, if negligently upon the track, depends upon whether the employe in charge of the locomotive did in fact see him in the perilous situation and realized and understood the peril and that he would not probably be able to extricate himself, whereupon the duty arose for the employe to use every means within his power and at hand to prevent injuring the boy. "The burden of proof was upon the plaintiff in this case in order to recover for a breach of such duty, to establish, not that the employes might by the exercise of reasonable care have acquired such knowledge, but that they actually possessed it." Railway Co. v. Breadow, 90 Texas, 31. The plaintiff's testimony must be sufficient to show that Ashley Ball was at some point on or near to the railroad track within the range of vision of the engineer while he was looking ahead in the discharge of his duty, in order to raise a presumption that the engineer did in fact see Ashley Ball in his perilous position in time to have given him warning, or to have stopped or checked the train, or

by some means at hand to have prevented inflicting injury upon him. Looking to the testimony offered by the plaintiff, we find that the witness James Rotan placed the boy on the track in front of the engine at a distance from it of from 75 to 100 feet "according to his recollection." This testimony places the boy further from the engine and more within the range of the engineer's vision than any other witness, and if it has any probative force, the issue was properly submitted. The statement is but the opinion of the witness formed upon the instant and necessarily of little weight, but under proper conditions sufficient to support the court's action. However, when we look to the surroundings we find that this witness, at the time he made the observation of the relative situation of the engine and the boy upon the track and estimated the distance between them, was at a point just south of the railroad track and east from the place of the accident about 1200 feet. The boy was farthest from the witness and the locomotive in motion upon the track at a point between witness and the boy. Looking at the matter from the standpoint that a jury should, this estimate of the distance between two objects, almost in line with each other at a distance of a quarter of a mile from the witness, could not have any value at all in determining whether the engineer saw the boy, and when we take into consideration in addition thereto that the train was in motion and running almost directly from the witness, we know from common observation that it would be physically impossible for any man to make a reliable estimate of the intervening distance between two objects thus situated. A statement made by a witness, which the physical conditions condemn, can not be regarded as more than a scintilla of evidence and will not support a conclusion upon the issue involved. Texas L. Agency v. Fleming, 92 Texas, 463. To entitle the facts detailed by this witness to be considered as evidence, the fact stated must be credible. Wharton on Ev., sec. 8. We have no hesitancy in saying that the testimony of this witness did not tend to establish the proposition that Ashley Ball was at a point upon the track where the engineer in discharge of his duty, as testified to by him, would probably have seen him in time to have prevented the injury.

Jim Bailey, another witness, testified in substance, that there were a number of boys crossing the track at the point where the accident occurred, three or four going ahead of Ashley Ball and some remaining behind him, and that when the boys started to go across the track the engine was about fifty yards (150 feet) east of the place of the accident. This evidence does not place Ashley Ball upon the track at that time; it only had reference to the time when the boys who were ahead of Ashley began to cross the track, therefore, does not tend to show that the engineer would probably have seen the boy before the injury occurred and in time to have prevented the accident.

The testimony which is most definite and reliable upon this question was given by Ashley Ball himself and Earnest Scrivner, who was with

him at the time and within three feet of him when he was struck by the engine. They testified in substance that Ashley Ball had just stepped upon the track when the engine struck him. No distance is given, but the conclusion from this testimony can not be resisted that, from some cause, they failed to know that the engine was approaching, and, standing on the south side of the track, Ashley Ball, after recovering his hat, stepped upon the track within a few feet of the front part of the engine, so near to it that, looking at the track in front of him, the engineer probably did not see Ashley in time to prevent the injury. The testimony of the engineer and the plaintiff himself was that, from the right side of the locomotive and with the boiler and smokestack projecting out in front of him about twenty feet, the engineer could not have seen an object near to the track on the south side, unless it had been at a distance of twenty or twenty-five feet in front of the engine. The evidence wholly fails to establish the facts which would make the railroad company liable for the injury if Ashley Ball was negligent in being upon the track, and the court below erred in giving the charge set out above. It is therefore ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and this cause remanded.

*Reversed and remanded.*