## TEXAS & PACIFIC RY. CO. v. GEO. P. BALL.

### Decided February 11, 1905.

**1.—Contributory Negligence—Injury at Railroad Crossing.**

Evidence held not to show contributory negligence on the part of a boy struck by a train while crossing the railroad track within city limits on a path long used by the public, the train being run at an unlawful rate of speed, and without any signals or warning being given.

**2.—Same—City Ordinances—Evidence.**

Evidence held to sufficiently show, although there was no direct proof to that effect, that the place of injury was within the city limits, where a speed ordinance was in force.

**3.—Railroads—Negligence—Violation of Speed Ordinance.**

Violation of a city speed ordinance by a railway company is negligence, and it is proper for the court to so charge in an action against the company for injury to a person struck by a train running at a higher rate of speed than the ordinance allows.

**4.—Injury to Child—Degree of Care—Charge.**

In an action for injury to a boy of eleven years, struck by a train while crossing a railroad track, it was not error, as being on the weight of evidence, for the court to charge that a child of tender years is not held in the same degree of accountability as an adult person. Evidence held not to show that the boy had the knowledge and judgment of an adult person to appreciate the danger of being struck by an approaching engine.

**5.—Same—Trespass—Public Path.**

The court properly charged that, if the boy was struck at a point where the railroad track was crossed by a pathway, which the public had been using for a long period of time without objection, he would not be a trespasser in walking across the track there, and it did not alter the case that his purpose in crossing the track was to witness a fight.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*T. J. Freeman* and *Head & Dillard,* for appellant.

*Richard B. Semple,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit by George P. Ball to recover of appellant, Texas & Pacific Railway Company, damages for personal injuries alleged to have been inflicted upon his minor son, Ashley Ball, through the negligence of said railway company in striking him with one of its engines while he was on its track in the city of Bonham, Texas, on November 6, 1901. A trial before a jury resulted in a verdict and judgment in favor of appellee for $500, to reverse which this appeal is prosecuted.

This is the second appeal in this case. On the first appeal this court affirmed the judgment of the trial court. (7 Texas Ct. Rep., 114.) A writ of error was granted by the Supreme Court and the judgment reversed on the ground that the trial court erred in submitting the issue of discovered peril, and that for the same reason this court erred in affirming the judgment. (96 Texas, 622.)

*Conclusions of Fact.*—Ashley Ball, a boy eleven years of age, was struck by an engine while in the act of crossing appellant's railroad track, in the city of Bonham, over a public crossing on November 6, 1901, and seriously and permanently injured. The agents and employes of the appellant operating said engine were guilty of negligence in that the same was being run at an unlawful rate of speed within the corporate limits of the city of Bonham, and in violation of an ordinance of said city, making it unlawful to run an engine at a greater rate of speed than six miles per hour within the city limits of Bonham, and such negligence was the proximate cause of the injuries to Ashley Ball. Ashley Ball was not guilty of contributory negligence in being on the track at the time and place he was; and plaintiff was not guilty of contributory negligence in not having warned Ashley Ball of the danger of going upon the railroad track and in front of trains. By reason of the injuries to Ashley Ball his father, the appellee, has sustained damages in the amount of the verdict and judgment.

Additional findings appear in the opinion.

*Opinion.* It is contended by appellant that the verdict of the jury is without evidence to support it in that the evidence shows that Ashley Ball entered upon the track of the defendant without exercising such care as an ordinarily prudent person of his age and intelligence should have used to discover and guard against the engine which caused his injuries, and that such failure constituted contributory negligence on his part, without which such injuries would not have been received.

Ashley Ball, at the time of the accident, a boy of eleven years of age, with other boys about his age, left school during school recess and crossed the track of the Texas & Pacific Railway in the city of Bonham, about four hundred yards west of its depot and about twenty feet east of the trestle bridge to see a fight between a white boy and a negro. Ashley Ball crossed to the south side of the track and stood there two or three minutes and then turned back to recross to the north side.

The wind was blowing from the north.  Just as he was crossing the north rail of the track the wind blew off his cap and he turned west and stooped over to pick it up.  As he was in the act of doing so he was struck by an engine of the appellant, approaching from the east and running at the rate of from eight to forty miles per hour, and seriously and permanently injured.  Ashley Ball did not see or hear the engine, and no one warned him of its approach.  There was a pathway across the track where the accident happened.  The apellant's track runs about east and west, and the pathway runs north and south, and it had been used by the public, with the knowledge of appellant's agents, for over ten years.  The track is straight for three hundred yards east of where the accident occurred, and there is no obstruction to prevent one on the engine from seeing a boy of the size of Ashley Ball on the track for that distance.  The engineer testified he was on the north side of the engine and keeping a lookout ahead.  The fireman was shoveling coal in the engine.  The train consisted only of the engine and tender.  The city of Bonham is incorporated under the general law, and has an ordinance making it unlawful for engines to be run at a greater rate of speed than six miles per hour within the city limits.  Appellant's track, where the accident occurred, is unenclosed.  The evidence was sufficient to justify the jury in finding that if the engineer was keeping a lookout ahead he must necessarily have seen Ashley Ball upon the track in time to have avoided injuring him.  The track was straight and the view unobstructed for three hundred yards, and it seems incredible that one situated as was the engineer, on the north side of the engine, should not have seen the boy on the track.  He must have known of the pathway crossing the track where the accident occurred, and that some person might be crossing the track over that pathway.  He knew, he says, that it was unlawful to run his engine at a greater rate of speed than six miles per hour in the city of Bonham, yet according to his own testimony he was running his engine from ten to fifteen miles per hour when he struck the boy.  (Brown v. Griffin, 71 Texas, 654; Railway v. Ball, 7 Texas, Ct. Rep., 114.)

The evidence was sufficient to justify the finding that Ashley Ball was not guilty of contributory negligence in being upon the track at the time and place, and under the circumstances existing at the time he was struck and injured.

It is insisted that the court erred in instructing the jury that the running of defendant's engines within the corporate limits of the city of Bonham at a greater rate of speed than six miles per hour would be negligence.  The objections urged to this charge are:  (1) there ·is no evidence that this injury was inflicted in the corporate limits of the city of Bonham, and (2) the violation of an ordinance would give plaintiff no right of action in this cause.  There is testimony that defendant's yards and depot grounds were about a half mile each way from the depot.  The evidence showed that the depot was in Bonham.  It was shown that from the depot west to where the accident occurred was about four hundred yards west of its depot, and that from the depot to the western limits of the city of Bonham is about a half mile.  While there is no positive evidence that the accident occurred in

the city of Bonham, there is evidence tending indirectly to show that it did occur within the corporate limits. The petition alleged the accident occurred within the corporate limits of Bonham. The defendant filed a general denial. No special charge on this issue was requested by appellant. In its motion for new trial defendant did not raise the point that the evidence failed to show that the accident occurred within the corporate limits of Bonham. Both parties admitted that Bonham was incorporated under the general laws of Texas. The ordinance forbidding the running of engines at a greater rate of speed than six miles per hour within the corporate limits of the city was read in evidence without objection. We think the evidence was sufficient to raise the issue and justified the verdict in this respect.

We have heretofore held that the violation of a penal ordinance of a city making it unlawful for railway corporations to run engines within the limits of the city at a greater rate of speed than prescribed by the ordinance, constitutes actionable negligence. (Railway Co. v. Owens, 8 Texas Ct. Rep., 67; Railway Co. v. Holt, 30 Texas Civ. App., 330, 70 S. W. Rep., 591.)

Complaint is made of the following paragraph of the court's charge: "As to the degree of care and circumstances required of Ashley Ball, whose age is alleged to have been eleven years when the accident happened, I instruct you that a child of tender years is not held in the same degree of accountability as an adult man, but the question of his intelligence and mental capacity must be left for your determination from all the facts and circumstances in evidence before you."

It is insisted that this charge is upon the weight of the evidence and erroneous, for the reason that the evidence shows Ashley Ball was at the time he was injured eleven years of age past, had been raised near the railroad track and was better educated and knew more about the danger to apprehend from railroad cars than the average adult man in the country. The evidence showed that Ashley Ball was eleven years and eight months of age at the time he was injured. It also showed that he studied arithmetic, spelling, geography and writing. He was in the fourth grade at school and sometimes at the head and sometimes next to the head of his class. He says he knew that if he did not keep out of the way of trains that they would run over him and he would get hurt. He knew that trains were in the habit of running along this track.

The evidence does not show, as a matter of law, that Ashley Ball had the knowledge and discretion of an adult person, or that he should he held to the same degree of accountability. He had not the judgment of an adult person to appreciate the danger of being struck by an approaching engine while he was attempting to pick up his cap. He did not see or hear the engine approaching, and had not been warned that an engine was approaching. The engine was running at an unlawful rate of speed, and the boy was on the pathway that crossed the track, with his back turned toward the approaching engine. We are of the opinion that there is no error in the charge.

It is insisted that if Ashley Ball and his companions were on defendant's track to witness a fight, and not for the ordinary purposes of travel, they were trespassers, regardless of whether or not they were on

a regular pathway; and that as there was no issue of discovered peril in the case, the court should have given appellant's requested charge embracing this proposition. The court refused to give the charge, and in the ninth paragraph instructed the jury as follows: "If you believe from the évidence that at the place where Ashley Ball was struck by the defendant's engine a pathway crossed said railroad track, which has been commonly used by the public for a long period of time prior to said accident, without objection on the defendant's part, and said Ashley Ball was crossing said track on said pathway when he was struck, then the said Ashley Ball would not be a trespasser in walking across said track."

The requested charge did not announce a correct proposition of law and was properly refused. The charge given was correct, and the court did not err in so instructing the jury.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.