MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. ROBERT GRAY.

Decided May 15, 1909.

**1.—Master and Servant—Assumed Risk—Rule.**

The rule in this State is that an employee does not assume any risk caused by the negligence of the employer unless he either has actual knowledge of such negligence or, in the ordinary performance of his duties, must necessarily have known thereof in time to avoid injury therefrom.

**2.—Same—Negligence—Knowledge of Master—Evidence.**

In a suit by a locomotive fireman against a railroad company for damages for personal injuries received in attempting to alight from a locomotive while the same was upon a bridge in obedience to the order of the engineer, the issue being whether the engineer had actual knowledge that the locomotive was upon the bridge at the time he gave the order to the fireman, testimony of the engineer himself and of other witnesses considered, and held sufficient to require the submission of the issue to the jury, and to support an affirmative finding thereon, notwithstanding the testimony of the engineer that he did not know that the locomotive was upon the bridge at the time.

**3.—Trial—Repetition of Charges—Rule.**

It is not error for the trial court to refuse a charge submitting an issue already fairly submitted in the main charge. Upon an issue of contributory negligence, a charge requested by the defendant considered, and held properly refused for the above reason.

**4.—Master and Servant—Negligence—Order of Master—Intention Immaterial.**

If the words and actions of a master are reasonably calculated to induce a servant to do a certain act, and the servant is in fact caused thereby to do the act and he is injured, the fact that the master did not intend or expect for the servant to do the act, is immaterial.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke* and *Head, Dillard, Smith & Head,* for appellant.—It is not the law that an employe does not assume any risk caused by the negligence of the employer unless he either has actual knowledge thereof or, in the ordinary performance of his duties, must necessarily have known thereof in time to have avoided injury therefrom. Peck v. Peck, 99 Texas, 10; Hynson v. Railway, 109 S. W., 196; Railway v. Williams, 111 S. W., 196.

A question in the following form, viz.: "I will ask you if you expected or intended that he (meaning plaintiff) should get off of the engine to get the hook?" is not leading, and the vital issue in the case being whether the engineer had negligently required appellee to

get off the engine, it was error to refuse to permit the engineer to answer the question. Railway v. Smith, 100 Texas, 267; Bergen v. Producers' Yard, 72 Texas, 55.

*J. H. Wood,* for appellee.

TALBOT, Associate Justice.—On the night of September 18, 1907, appellee was engaged as fireman on one of the appellant's switch engines between Denison and Ray Yards in Grayson County, when he fell therefrom and sustained personal injuries, to recover damages for which he instituted this suit. A jury trial resulted in a judgment in favor of appellee for the sum of $3,500, to reverse which this appeal is prosecuted.

At the time appellee was hurt C. J. Ellington was the engineer, and directed and controlled appellee in his work. The night was dark and the accident occurred about three o'clock a. m. The engine was drawing a long train of cars and going from Denison to Ray Yards, the distance between the two places being about three miles. The engine "wasn't steaming very good," and when the switch was reached the engineer stopped the engine upon a trestle, the distance below to the ground being about thirty or forty feet and, according to appellee's version, which in view of the verdict we adopt, he stepped down where appellee was at work, and said, "By God, can't you get it hot?" and appellee replied, "I am doing all I can." The engineer then said, "Get away and let me see in there," and then said to appellee, "Get your clinker hook and pull this fire down to the back, away from the flue, so it will get hot." Appellee stepped back to where the clinker hook was usually kept and it was not there, and he then told the engineer that he did not have a clinker hook. The engineer said, "By God, ain't you got nothing?" and appellee remarked, "I have got a hoe on the side" (of the water tank or tender), and the engineer said, "By God, get out and get it." In obedience to this command appellee stepped off the engine and fell to the ground under or near the trestle and was injured substantially as alleged in the petition. Appellee had prior to this time fired engines of appellant at night in going out to Ray Yards, but, perhaps, had not done such work in the daytime more than one day. When he stepped off the engine and got hurt he did not know it was standing on the trestle. Before stepping off he looked, but it was dark, and he did not observe the trestle or the distance from the engine to the ground, and swears he never had, before he was injured, noticed it. The engineer was very familiar with the railroad track between Denison and Ray Yards, and knew or should have known when he stopped the train that his engine was standing on the trestle. He was guilty of negligence in so stopping said engine and in directing appellee to get out and get the hoe, and such was the proximate cause of appellee's injuries. Appellee was not guilty of contributory negligence; nor does the evidence show that the injuries received by him resulted from one of the risks assumed by him.

Appellant's first assignment of error complains of the following paragraph of the court's charge: "When plaintiff entered the service

of defendant as fireman he assumed all the risks and dangers ordinarily incident to such employment, but he did not assume any risk of danger that might be caused by the negligence of the defendant, its agents or servants, unless he knew of such negligence, if any, or in the ordinary performance of his duties must necessarily have known thereof in time to have avoided injury therefrom." It is insisted that to say that an employe does not assume any risk caused by the negligence of the employer unless he either has actual knowledge of such negligence or, in the ordinary performance of his duties, must necessarily have known thereof in time to have avoided the injury therefrom, does not announce a sound or correct proposition of law. That it does, is well established by decisions of our Supreme Court, which have not, in our opinion, been overruled or materially modified by later decisions of that Court. Railway Co. v. Hannig, 91 Texas, 351; Bonnet v. Railway Co., 89 Texas, 72; Railway Co. v. Bingle, 91 Texas, 287. Until changed by the Supreme Court of this State, we shall adhere to the rule announced in the cases cited.

In the fifth paragraph of the court's charge the jury was instructed, among other things, that if they believed the said Ellington caused said engine to stop over a bridge or trestle that was several feet high, and further believed from the evidence that while said engine was stopped over bridge or trestle the said engineer ordered plaintiff to alight from the engine for the purpose of getting a hook or hoe in order to regulate the fire, and further believed from the evidence that the said engineer knew that the said engine was on said bridge or trestle, and that it was dangerous for the plaintiff to attempt to alight therefrom, to find for the plaintiff. This charge was objected to on the ground that the evidence was not sufficient to authorize the submission to the jury of the issue whether the engineer, Ellington, had actual knowledge that the engine was over the bridge or trestle, and with such knowledge ordered appellee to alight therefrom. We are inclined to think the evidence was sufficient to warrant the submission of the issue. The engineer testified, in substance, that he did not know where the engine was with reference to the bridge at the time he was talking to the appellee; that he "didn't know whether it was on the bridge or where it was;" but it appears that he had been in the service of appellant a long time doing the character of work in which he was engaged on the night the plaintiff was injured. He testified: "When a fellow gets wrought up and his engine don't steam and he wants to move, he doesn't feel in a very good humor. I guess I wanted to know why in the devil he (plaintiff) couldn't keep it hot. I knew everything that occurred. I knew mighty quick about the accident after it happened. Of course I did not expect anything like that to occur. I don't know where the engine stopped. I knew every inch of the track. I knew about where we were when I was back in the deck talking to him (the plaintiff) about the hook." He further testified: "I was down in the deck of the engine and had been looking in the fire box. I did not at that time know *exactly* where my engine was. I know the bridge. I was over it every day."

Another witness, who was a switchman on the cars being carried to Ray Yards, testified that at the time appellee got hurt the locomotive

had stopped in order that he might open a switch for its passage on to a track, and that the locomotive was then standing over a bridge or culvert. We think this testimony of sufficient probative force to authorize the submission of the question of actual knowledge on the part of the engineer that, at the time he directed the plaintiff to get out and get the hoe, the engine was standing on the bridge or trestle. With the testimony quoted before them the jury were not bound to believe the statement of the engineer that he didn't know where the engine stopped and didn't know it was on or over the trestle when he was talking to plaintiff about the fire. The jury, from other testimony and the other statements of this witness referred to, might reasonably assume that he did in fact know the engine was on the trestle. But, however this may be, we are clearly of the opinion that it can not be said that the question was so manifestly without evidence that its submission was calculated to mislead the jury. Brown v. Griffin, 71 Texas, 654; Missouri, K. & T. Ry. Co. v. Harris, 45 Texas Civ. App., 542.

Complaint is made of the court's refusal to give the following charge requested by appellant: "If you believe from the evidence that a person of ordinary care, blinded by the fire until he could not see temporarily, would have waited until he could see before stepping from the engine, or would have felt down with his feet to find whether he could find a safe footing before alighting, or would have used some other method to have gained such knowledge, and that he could by the use of such care have learned that his engine was over a bridge and that he could not safely step therefrom, you will return a verdict in favor of defendant." There was no error in the refusal of this charge. In the first place it is, in our opinion, in some respects, upon the weight of the evidence. But whether it is or not, the failure to give it worked no injury to appellant because the issue of contributory negligence, under the evidence, was fully and fairly submitted by the court's general charge. Upon this issue the court charged as follows: "On the other hand, if you do not believe from the evidence that the said engineer, Ellington, directed the plaintiff to alight from the engine for the purpose of getting a hook or hoe, or if you believe from the evidence that said Ellington did so order plaintiff, but you do not believe from the evidence that a person in the exercise of ordinary care for his own safety would have alighted from said engine under the conditions and circumstances you find plaintiff alighted therefrom; or if you believe from the evidence that the only direction or order that the said Ellington gave to plaintiff was to request him to get his clinker hook, which said engineer supposed was on the tender of the engine; or if you believe from the evidence that plaintiff was ordered by said Ellington to alight from said engine for the purpose of getting the clinker hook or hoe, but you further believe from the evidence that plaintiff was himself guilty of negligence in failing to observe his surroundings before he stepped from said engine or in stepping from the engine in the dark without knowing his surroundings or without making the effort to ascertain his surroundings that a person of ordinary prudence would have made under the same or similar circumstances, or if you believe that plaintiff's injuries resulted from one of the risks assumed by him

when he entered defendant's employment, then in any of these events you will find for defendant."

We are also of the opinion that the court did not err in rejecting the testimony of the witness Ellington, as pointed out in the fifth assignment of error. The most of the testimony here sought to be elicited had been previously given ·by the witness, and the answer to the question asked, whether or not the engineer, Ellington, expected or intended that the plaintiff should get off the engine to get the hook, was properly excluded. What Ellington said that induced plaintiff to get off the engine was the issue, and not what he intended or expected him to do. If Ellington's words and actions were reasonably calculated to induce the plaintiff to get off of the engine to get the hook or hoe, and he was in fact so induced to get off for that purpose, the fact that Ellington did not expect or intend that he should do so was immaterial.

The sixth and last assignment of error is that the verdict and judgment in the case are not supported by the evidence. In this view of the evidence we do not concur. On the contrary, we think the evidence fairly shows that the defendant was guilty of negligence, substantially as alleged, which was the proximate cause of plaintiff's injuries; that it was of such a character the jury was warranted in finding that plaintiff was not guilty of contributory negligence, and that he did not assume the risk of injury in stepping from the engine under the circumstances surrounding him at the time.

We have carefully examined and considered all of the assignments of error and, because we believe none of them point out reversible error, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.