The GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant,

v.

J. E. GILES et ux., Appellees.

No. 15987.

Court of Civil Appeals of Texas.

Dallas.

Feb. 16, 1962.

Rehearing Denied March 9, 1962.

Touchstone, Bernays & Johnston and G. Duffield Smith, Jr., Dallas, for appellant.

Woodruff, Hill & Bader, Dallas, for appellees.

WILLIAMS, Justice.

While a customer in one of the stores of the Great Atlantic & Pacific Tea Company Mrs. Bonnie L. Giles slipped and fell to the floor sustaining personal injuries for which damages were claimed in a suit filed by Mrs. Giles and her husband. From an adverse jury verdict and judgment for plaintiffs, the Great Atlantic & Pacific Tea Company appeals.

In its first group of points, 1–12 inclusive, and 1A–8A inclusive, appellant contends that there was "no evidence" or "insufficient evidence" to establish legal liability against the defendant, as a matter of law, therefore the trial court erred in (a) refusing to instruct a verdict for the defendant, and (b) in refusing to grant defendant's motion for judgment notwithstanding the verdict.

At the outset appellees object to our consideration of appellant's "insufficient evidence" points, contending that a motion for instructed verdict and a motion for judgment notwithstanding the verdict do not raise questions of sufficiency or weight of the evidence but only raise questions of "no evidence". We agree that this is the law. 4 Tex.Jur.2d § 769, p. 279; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Galveston, H. & S. A. Ry. Co. v. Cook (Civ.App.), 214 S.W. 539. Accordingly, we will consider all of appellant's points as "no evidence" points. Glens Falls Insurance Company v. Vetrano, Tex.Civ.App., 347 S.W.2d 769; Shapiro v. Edwards, Tex. Civ.App., 331 S.W.2d 242.

In passing upon "no evidence" points we must be governed by the well-established rule that if an issue of fact is raised by the evidence, it must go to the jury even though a verdict based on such evidence would have to be set aside as not supported by sufficient evidence. Wallace v. Southern Cotton-Oil Co., 91 Tex. 18, 40 S.W. 399. An issue of fact is raised if discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff. Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150; Brown v. Griffin, 71 Tex. 654, 9 S.W. 546; Texas & P. Ry. Co. v. Ball, 96 Tex. 622, 75 S.W. 4; Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, writ ref.

There seems to be no disagreement between the parties concerning the applicable law of this case. In a "slip and fall" case involving foreign substance a plaintiff must establish by evidence of probative force: (1) that the defendant put the foreign substance on the floor, or (2) that the defendant knew the foreign substance was on the floor and wilfully and negligently failed to remove it, or (3) that the foreign substance was upon the floor for such a period of time that it would have been discovered and removed by the defendant had the defendant exercised ordinary care. 30-B Tex.Jur. § 69, pp. 269–270; Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S. W.2d 501, err. ref.; Great Atlantic & Pacific Tea Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470; Safeway Stores, Inc. of Texas v. Miller, Tex.Civ.App., 110 S.W.2d 927; Woolworth Co. v. Goldston, Tex.Civ.App., 155 S.W.2d 830, err. ref.; Hollingsworth v. American Trading Co., Tex.Civ.App., 156 S.W.2d 290; Smith v. Safeway Stores, Inc., Tex.Civ.App., 167 S.W.2d 1044; Beard v. Henke & Pillot, Inc., Tex.Civ.App., 314 S. W.2d 844; Allen v. F. W. Woolworth Co., Tex.Civ.App., 315 S.W.2d 612; Del Camino Courts, Inc. v. Curtice, Tex.Civ.App., 323 S.W.2d 355; O'Neal v. J. Weingarten, Inc., Tex.Civ.App., 328 S.W.2d 793; Sherwood v. Medical & Surgical Group, Inc., Tex.Civ. App., 334 S.W.2d 520; Furr's, Inc. v. Mc-Caslin, Tex.Civ.App., 335 S.W.2d 284.

Appellees frankly admit in brief and in oral argument before this Court that they did not introduce any evidence that the defendant put the foreign substance on the

floor, or that the defendant knew the foreign substance was on the floor and wilfully and negligently failed to remove it. Appellees rely upon the third provision, cited above, contending that there is some evidence that the foreign substance which caused Mrs. Giles to fall had been upon the floor for such a period of time that it would have been discovered and removed by the defendant had the defendant exercised ordinary care, and therefore the trial court was correct in refusing to grant an instructed verdict or to grant a motion notwithstanding the verdict. The principal issue found by the jury to support plaintiffs' case was one inquiring whether the foreign substance in question had been on the floor a sufficient length of time so that in the exercise of ordinary care the employees of the defendant should have known of its existence and failed to remove the same. If there was any evidence of probative force in this record to support that issue, then appellees are correct in their contention that the judgment should stand. To answer this question, which is determinative of the case, we must carefully examine the material testimony, which we believe to be accurately summarized as follows:

Mrs. Giles testified that on Saturday October 24, 1959 she entered the defendant's store in Garland, Texas, to purchase some fresh oysters. After entering the store, she went to the rear of the store and observed an employee, Gerald Pierce, come out of a door and she asked him if they had any fresh oysters to which he replied "yes", and turned around and walked ahead of her and said "they are right up here". She said she walked right along behind Pierce, about three feet behind him, and as they were walking along the aisle her foot slipped and she went down. The place where she fell was by the meat counter and quite some distance away from the produce counter where grapes were ordinarily kept. After she fell, Mrs. Giles said she saw a spot on the floor, a streak about five inches long and it appeared to be green and moist, wet like, where she had fallen.

Pierce immediately summoned the manager, H. S. Stephens, and upon returning to where Mrs. Giles had fallen they wiped up the spot on the floor, stating out loud that it "was a grape". Mrs. Giles, following the fall, noticed something green and wet on the side of her right heel, the foot upon which she had slipped. She said it appeared to her to have been a green grape. Prior to her fall she said that she was walking about three feet behind Pierce in the aisle and that her vision of the floor was interfered with by his presence in front of her. She said that Pierce was walking ahead of her at the time of her fall and he had "just an instant before" walked over the place where she fell. On cross-examination, Mrs. Giles testified that she had not seen what she fell on until after the fall; that the grape was the only thing caused her to fall. She admitted to having purchased groceries in the store on previous occasions and was familiar with the layout of the store and had been over the floor on several occasions. She did not have a basket or anything in her hands except her handbag. She stated that the lighting in the store was alright, that there was plenty of room in the aisle, and that the floor was in good condition, and that she had no difficulty in seeing the spot after she fell. She admitted that she did not know the grape was on the floor before she slipped; that she did not know how the grape got on the floor, or how long the grape had been there.

Gerald Pierce, the employee of the defendant, testified to a slightly different set of facts regarding his initial encounter with Mrs. Giles, stating that he did not remember any conversation with her before she fell, but that he first noticed her while she was walking along the back wall of the store near the meat counter. He said Mrs. Giles was walking in front of him and that he walked past her and got in front of her and was walking about twelve feet in front of her when she fell; that he heard her cry out at the time of her fall and turned just before she hit the floor.

He helped her up and noticed a wet spot on the floor and found a grape peel on the floor which he picked up. He summoned the manager, Stephens, and returned to where Mrs. Giles had fallen. He did not notice the spot on the floor until after Mrs. Giles fell. He further stated that he had walked close to the area where she had fallen, immediately before she fell, naturally looking as he walked, and that he did not see any kind of foreign substance on the floor.

Mr. Stephens, the store manager, testified that he had been over the floor area in question several times that morning before Mrs. Giles fell, the last time being about thirty minutes to one hour before the accident; that at all times the floor was perfectly clean and that there was no foreign substance or wet spot on the floor. He said he saw a small damp spot when he got to Mrs. Giles after her fall, but stated that it had not been there before her fall. He said the spot where Mrs. Giles fell was approximately 100 feet from the produce area and that an investigation revealed a small damp mark about one-half inch wide and two to five inches long which could have been caused by someone stepping upon a grape. He had no knowledge of how the spot got on the floor or how long it had been there. He testified the porter's duties were to mop the floor before the store opened and to sweep the floor all day, sweeping every thirty minutes or more if needed.

■ It is fundamental law of this State that a storekeeper is not the insurer of the safety of his invited customer. Furr's, Inc. v. McCaslin (Civ.App.), 335 S.W.2d 284; Smith v. Safeway Stores, Inc. (Civ. App.), 167 S.W.2d 1044.

■ In a case of this kind the burden of proof is upon the plaintiff to introduce testimony of probative force establishing negligence on the part of the defendant. The mere happening of the event does not, of itself, infer negligence. We have care-fully examined and analyzed the testimony in this record and find ourselves unable to agree with appellees that they have sustained their burden of proof by bringing forth testimony of probative force creating legal liability against the defendant. There is an entire absence of testimony in this case that anyone had seen the grape at anytime prior to Mrs. Giles' fall. The evidence is undisputed that no one knew how long the grape had been on the floor prior to her fall. The mere presence of some foreign substance on the floor is insufficient to warrant an inference that the storekeeper placed or left it there or had knowledge of its presence or that it had been there long enough to enable the storekeeper to discover and correct it by the exercise of ordinary care. Dill v. Holt's Sporting Goods Store, Tex.Civ.App., 323 S.W.2d 644. Appellees seek to satisfy their burden of proof by the testimony that Pierce, the employee of the appellant, had walked over or near the place where Mrs. Giles fell immediately prior to her fall. It is their contention that this conveys "constructive notice" of the object on the floor and demonstrates that it had been there sufficient length of time to have been discovered and removed by the exercise of ordinary care. A careful analysis of the testimony concerning Pierce's movements fails to demonstrate evidence of probative force which would satisfy the law of liability in this respect. There is no evidence that Pierce saw the object on the floor; there is no evidence the object was on the floor when Pierce walked by ahead of Mrs. Giles; there is no evidence as to when or how the grape got onto the floor; and there is no evidence that Pierce, or anyone else connected with the store, knew that the grape was there, or had reasonable time to remove same prior to the calamity made the basis of this litigation. Appellees' testimony, considered in the most favorable light, does nothing more than raise a suspicion or surmise, and amounts to no more than a scintilla of evidence which has long been held to be insufficient to raise an issue of fact. Joske v.

Irvine, 91 Tex. 574, 44 S.W. 1059. Finding, as we do, an absence of evidence to create an issue of fact, it necessarily follows that the action of the trial court in refusing to instruct the verdict for the defendant, or in refusing to grant a judgment notwithstanding the verdict, was error.

In view of our disposition of this appeal we find it unnecessary to pass upon appellant's points 13 through 17. We have, however, carefully examined these points and finding them to be without merit overrule them.

The judgment of the trial court is reversed and rendered that appellees take nothing against appellant.

Reversed and rendered.