**Ruth COLLETT et vir, Appellants,**

**v.**

**SAFEWAY STORES, INC., Appellee.**

**No. 7423.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 4, 1965.

Rehearing Denied Jan. 25, 1965.

**154**

Witherspoon, Aikin, Thomas & Langley, Hereford, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

DENTON, Chief Justice.

Ruth Collett, joined by her husband, Fred Collett, filed suit for personal injuries sustained when she slipped and fell in a store owned and operated by Safeway Stores, Inc. The trial court withdrew the case from the jury at the close of plaintiffs' evidence and rendered judgment for the defendant.

Mrs. Collett, accompanied by her sister-in-law, Ida Mae Mann, entered the defendant's super market in Gainesville, Texas, on November 2, 1961, for the purpose of purchasing some Metrecal. They both observed that the floor was slick, and Mrs. Mann cautioned Mrs. Collett to, "Be careful, this floor is slick." Mrs. Collett testified, "You had to step very distinctly"; that the floor had a high gloss; and that it was obvious to her the floor was slick. After walking up and down some of the aisles of the stores, Mrs. Collett stopped at one of the counters while her sister-in-law left her to inquire of a store attendant the location of the Metrecal. When she returned and approached Mrs. Collet, she said, "Auntie, here it is." Mrs. Collett then turned, stepped off on her left foot and stepped, "on a slick substance and fell." Mrs. Collett testified she did not see what she had stepped on at the time of her fall, but that some three months later she discovered a substance on her left shoe, "that looks like wax and it smells like wax." The shoe had not been worn since the fall, and

it had remained in a container during that period. She described the pyramid type shelving she was standing beside at the time of her fall. The lower shelf protruded some four to six inches over the floor. The record does not indicate the clearance between the floor and the protruding shelf.

The real question is whether plaintiffs' pleadings and evidence make out a case involving a structural defect of the defendant's premises on the one hand, or the usual slip and fall case involving a foreign substance. There is no apparent disagreement among the parties concerning the application of the law in slip and fall cases involving a foreign substance. In such cases the plaintiff must prove by probative evidence that the defendant placed the substance on the floor; or that the defendant knew the substance was on the floor and negligently failed to remove it; or that the foreign substance had been on the floor for such a period that it should have been discovered and removed in the exercise of ordinary care. Great Atlantic & Pacific Tea Co. v. Giles, (Tex.Civ.App.), 354 S.W.2d 410, (Refused, NRE), and the numerous cases cited therein.

Appellants contend this case is not a "slip and fall case" as such and does not come within any of the above-stated rules, but is instead a case of a permanent condition or structure making the premises reasonably unsafe for appellee's customers. Appellants argue the protruding lower shelf was a latent defect which afforded a place for a hidden accumulation of floor wax or other foreign substance which could be picked up by customers' shoes. There are no pleadings or evidence to support this contention. The only pleading relating to defendant's shelving was: "That said defendant maintained the shelving in a pyramiding fashion, high, so that its customers were required to look upward for the merchandise sought." This allegation is insufficient to raise the issue of a latent permanent defect urged by brief. Even though it might be said the pleadings are

sufficient, there is no evidence Mrs. Collett's fall was caused by such structural condition or any foreign substance underneath the shelving. The record contains no evidence of the presence of wax under the shelves in question, or that Mrs. Collett got wax on her shoe by placing it under the shelving. In fact, it is not clear from her testimony whether her left foot was ever placed under the shelf. She testified, "I was real close" to the bottom of the display counter. On redirect examination her attorney asked the following question:

"Q Now, then, you were close to them [shelves] and you don't know whether part of your foot was under it or not, if I understand you. That is what you are telling the jury, is that correct?

"A That is right."

She later testified, "My foot was up maybe under it just a little bit, but I wasn't up where my foot touched the wall." She later replied in the affirmative to this question: "So your left foot was out in the aisle there when you fell, is that correct?" We conclude there are no pleadings or evidence to support the contention there were fact issues raised relative to a structural condition or defect which made the defendant's premises reasonably unsafe. This case must therefore be decided under the familiar rules applicable to slip and fall cases set out above.

 A review of the record leads to the inescapable conclusion there is no evidence that the defendant or its agents or employees placed the foreign substance on the floor; or that the defendant knew the foreign substance was on the floor and negligently failed to remove it; or how long it had been there; or that the defendant caused the floor to be waxed or polished. We therefore conclude there was no evidence to raise an issue of fact, and the trial court correctly instructed the verdict for the defendant. Great Atlantic & Pacific Tea Co. v. Giles, supra; Sherwood v.

Medical & Surgical Group, Inc., (Tex.Civ. App.), 334 S.W.2d 520, (Writ Refused); Rogers v. Collier, (Tex.Civ.App.), 223 S.W.2d 560, (Writ Refused); Dill v. Holt's Sporting Goods Store, (Tex.Civ.App.), 323 S.W.2d 644, (No Rehearing).

The judgment of the trial court is affirmed.