## WORTH FOOD MARKETS, Inc., v. LE BAUME.

No. 13651.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 14, 1938.

Rehearing Denied Feb. 11, 1938.

Slay & Simon and Richard U. Simon, all of Fort Worth, for appellant.

Harry K. Brown, Hampden Spiller, and Richard Owens, all of Fort Worth, for appellee.

BROWN, Justice.

Appellee brought suit against appellant to recover damages for alleged personal injuries claimed to have been sustained by appellee, Mrs. Billie LeBaume, when leaving appellant's retail grocery establishment, after having made certain purchases and when she was leaving the store, holding her sack of groceries in her arms, in front of her. The charge is, that she slipped on a banana that was lying on the floor of the entrance to the store, which had been negligently permitted to remain at such place by appellant.

We shall not notice any allegations in the petition other than those bearing upon the issue mentioned, because no evidence was introduced tending to support such other allegations and all issues were abandoned except the one mentioned above.

The petition asserts that Mrs. LeBaume "picked up the sack containing her groceries, walked to the front entrance of defendant's store and started out through said front entrance, and at which place and time, plaintiff, Billie LeBaume, slipped on a banana which defendant had negligently caused to be placed, or negligently left lying on the floor of said entrance, and she fell to the ground, causing her the personal injuries hereinafter described." Further in the petition negligence was sought to be pleaded as follows: "In that on the occasion in question defendant was negligent in leaving a banana on the entrance floor after defendant knew of it, or said banana had been lying on the floor for such a period

of time that defendant in the exercise of ordinary care should have known of its presence."

Appropriate exceptions and answer were made to the petition.

We will not notice the overruling by the trial court of several special exceptions addressed to the plaintiffs' petition, because of the view we take of the case.

Mrs. LeBaume testified that she never at any time saw a banana, on the occasion in question, but that she stepped on one and slipped and fell as she stepped, out of the entrance of the store on the sidewalk; and several witnesses testified that the smear or mark made by the banana, where Mrs. LeBaume fell, was on the sidewalk at such entrance. Two witnesses, one a daughter, the other a daughter-in-law of Mrs. LeBaume, testified to seeing a banana lying on the store floor, under or near a bunch of bananas that was hanging by the entrance door through which they and Mrs. LeBaume entered the store. The bunch was on the right of these persons as they went in. Mrs. LeBaume testified that she came out of the store at such door.

The testimony of the witnesses places the banana on which Mrs. LeBaume stepped not less than 18 inches from the bunch under, or near, which the said witnesses saw the banana as they entered the store. The testimony puts the banana that caused the fall over toward the opposite side of the door from which it was first seen.

The banana on which Mrs. LeBaume stepped could not, under the testimony, have been the banana seen by the two witnesses, unless it had been moved by some one, or in some manner that is not attempted to be explained.

All of the witnesses testify that from the time they entered the store (and saw the banana) until Mrs. LeBaume left was not exceeding 25 minutes. No other effort was made to show how long the banana laid on the floor before the accident.

At the close of taking evidence, appellant requested a peremptory charge in its favor. The request was refused and an exception taken.

The case being tried to a jury, the trial court submitted seven special issues and certain definitions and instructions.

In defining "proximate cause" the court failed to include "new and intervening cause."

Appropriate objection was made to this omission, and same was overruled.

In special issue No. 1 the court asked the jury to find whether or not Mrs. LeBaume "slipped on a banana in or near the entrance of defendant's store and fell." Appropriate objection was made to this issue and same was overruled.

Special issue No. 2 required the jury to find whether or not "said banana lay in or near the entrance of defendant's store for such a length of time prior to the time Mrs. LeBaume stepped on the same that the employees of the defendant, in the exercise of ordinary care, should have discovered and removed the same." Appropriate objection was made to this issue and was overruled.

The jury answered all issues submitted favorably to the plaintiff, including an issue inquiring as to Mrs. LeBaume's negligence in failing to see the banana lying in her path, and found damages for her in the sum of $2,142.53.

Motion was duly made by the defendant for judgment notwithstanding the verdict, and the same was overruled, and judgment rendered for the plaintiffs in the sum awarded.

The appeal from such judgment was duly perfected by the defendant.

The nearest approach to any evidence even tending to raise an issue of negligence because of the banana having been left on the floor of the entrance, or on the sidewalk at the entrance, is that same was seen near such place about 20 or 25 minutes before the accident, and the further fact that the defendant had two employees as "checkers" and cashiers at a counter near the door in question. These employees "check" the merchandise purchased, add the figures, collect the purchase price, place the merchandise in a large sack, and deliver same to the customer, who leaves through the said door.

We are loath to disregard the verdict of a jury and are disposed to give a degree of latitude to the right of a jury to find the facts in every case, but where the facts are such that, in our opinion, as a matter of law, they are not sufficient to raise an issue of fact on which a recovery may be had, it becomes our duty to so say.

We find this statement (45 C.J. 837) concerning the liability of the keeper of premises to an invitee: "In order to impose liability for injuries to an invitee by reason of the dangerous condition of the premises, the condition must have been known to the

owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it."

The law does not impose upon a merchant the duty of being an insurer of the safety of his patrons while on the premises; his duty is to exercise ordinary care to protect them from accident and injury. But such a duty arises only when the dangerous thing, or condition, is known to the merchant, or when it is shown to have openly existed for such a length of time as that a person of ordinary prudence would have discovered it and removed the danger. Graham v. Woolworth Co., Tex.Civ.App., 277 S.W. 223, writ dismissed; Great Atlantic & Pacific Tea Co. v. Logan, Tex.Civ.App., 33 S.W.2d 470.

The rule is stated thus in 20 R.C.L. at page 56: "The true ground of liability is the proprietor's superior knowledge of a perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is know to the owner, or occupant, and not known to the person injured, that a recovery is permitted."

In the instant case, we have two witnesses testifying to having seen a banana lying on the floor of appellant's store, practically under a bunch that was hanging near the door and on the right of the witnesses and of Mrs. LeBaume, as they entered the premises. This was, according to the testimony, not more than 20 or 25 minutes before Mrs. LeBaume left the premises. The testimony further shows that Mrs. LeBaume stepped on a banana that was on the sidewalk at such entrance and near the right-hand side of the entrance, or some distance from the place where the witnesses saw the banana as they entered the premises.

The banana was not shown to be in a place where it constituted a dangerous instrumentality, when all the parties entered the store. It had been moved out and into such a place where it could be stepped upon, between the time Mrs. LeBaume entered the premises and left the same. How, or when, or by whom the banana was thus moved is not attempted to be shown. Indeed, it is not shown, save through inference, that the two bananas are one and the same. If there were one banana, some intervening agency must have moved it. We see no escape from this conclusion, based on the testimony.

We believe the evidence wholly insufficient to raise an issue of liability upon the defendant below. There is none that the defendant had knowledge of the presence of the banana on the floor and the evidence is insufficient to show that it had been in a place making it a dangerous instrumentality for such a length of time that it became the duty of the defendant to discover and remove it.

We pass only upon the assignment of error complaining of the refusal to give the defendant a peremptory instruction. That should have been given.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.