## SMITH v. SAFEWAY STORES, Inc.

No. 14472.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 22, 1943.

W. C. Boyd, of Denton, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster and Henry D. Akin, all of Dallas, for appellee.

SPEER, Justice.

Appellant, Mrs. Vada Smith, a widow, has appealed from a judgment notwithstanding the jury verdict, entered by the court in favor of appellee, Safeway Stores, Incorporated.

Appellant's allegations were sufficient to show that she entered appellee's store as an invitee, and after she had been in the store fifteen or twenty minutes, doing her shopping, she stepped on a banana peel and fell, sustaining injuries for which she instituted this suit. That appellee's store is conducted in such a way that customers select from convenient stock merchandise which they desire to purchase and carry it to a checking counter where an employee wraps and collects for it.

The substance of appellant's allegation of negligence is that appellee permitted banana peels and other debris to accumulate and stay in the aisle of its store, thereby rendering it dangerous for appellant and others to use said aisles; that said negligence was the proximate cause of the injuries sustained by her.

The statement of facts consists of an agreed narrative and the testimony, on the charge of negligence, taken in its most favorable light to appellant, is in substance that appellant entered the store to buy groceries; that there is an aisle between two counters, one of which is a "bargain" counter and another is the vegetable counter; after visiting the former she went to the latter to select a cabbage; she had been in the store fifteen or twenty minutes before she went to the vegetable counter; she did not notice any other person near the vegetable counter during the time she was in the store; she picked up the cabbage and turned to go back toward the bargain counter, and as she turned around her feet slipped out from under her and she fell violently to the floor; as they picked her up from the floor she had a banana peel and carrot tops sticking to the heel of her shoe; and that the banana peel and carrot tops caused her to fall.

A witness who was attending a local college testified that he worked part time at the store and that his duties were to sweep the floor of the store, usually about three times a day; he was sweeping when Mrs. Smith fell; he did not see her fall; he had swept the floor clean around the vegetable counter twenty or twenty-five minutes prior to the accident; there were other people in the store when Mrs. Smith fell; search was made in the rear of the store, among the accumulations from around the vegetable counter, and carrot tops were found, but no banana peels.

At the conclusion of taking testimony, appellee moved for an instructed verdict, assigning detailed reasons, that there were neither pleadings nor testimony upon which any issue of fact could be submitted to the jury; the motion was overruled and the case was submitted on special issues. In response, the jury found that appellant stepped on a banana peel, fell and sustained an injury; that appellee was negligent in allowing the banana peel to be on the floor;

that such negligence was the proximate cause of the accident, and that appellant had sustained damages in the sum named in the verdict.

On motion of appellee, the court entered judgment non obstante veredicto in its behalf. The appellant perfected this appeal.

Appellant presents two points for reversal: (1) "Was the defendant negligent in allowing the banana peel to lie upon the floor at the time of the injury of the plaintiff?" And (2) "The court was in error in rendering judgment for the defendant non obstante veredicto."

We do not think either point is well taken. From appellant's brief we gather that in support of her first point, she contends that appellee owed to appellant the duty to maintain its premises in a reasonably safe condition for use by her while an invitee on the premises. The contention does not assert a uniform rule or principle applicable to such cases as this. Appellant cites and relies upon the case of S. H. Kress & Co. v. Dyer, Tex.Civ.App. 49 S.W.2d 986 (erroneously cited as 29 S. W.2d), and while under the facts of that case language was used by the court tending to support appellant's theory, yet there, the substance alleged to have caused the injury was put on the floor by the defendant, and, of course, it knew of its presence. There were no allegations, nor proof, in the instant case that appellee placed the offending substances on the floor, or knew of its presence, nor that by the exercise of ordinary care it · could or should have known of the presence of the banana peel. We note, however, in the cited case, that a writ of error was granted by the Supreme Court, and subsequently reversed, without a written opinion.

■■ We think the settled· rule in such cases as the one before us is that a storekeeper is not the insurer of the safety of his invited customers but that he owes to them the duty to use ordinary care to keep and maintain his premises in a reasonably safe condition for their use. The dangerous condition must 'have been known to the one charged with negligence, or the condition must have existed for such length of time or under such conditions that he would or should have discovered it by the exercise of reasonable diligence. Worth Food Markets v. Le Baume, Tex.Civ.App., 112 S.W. 2d 1089, writ dismissed; Montfort v. West Texas Hotel Co., Tex.Civ.App., 117 S.W.2d 811, writ refused; Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633, writ refused; F. W. Woolworth Co. v. Goldston, Tex.Civ.App., 155 S.W.2d 830; Hollingsworth v. American Trading Co. Inc., Tex.Civ.App., 156 S.W.2d 290; McCrory's Stores Corp. v. Murphy, Tex.Civ.App., 164 S.W.2d 735, writ refused, want of merit; 45 C.J. 837. There is a total absence of any testimony bringing appellee's liability within either of the conditions laid down in the rules announced.

■ In the case of Montfort v. West Texas Hotel Co., supra, in which a writ of error was refused, the rule was announced that it cannot be presumed without ·evidence that the defendant had such control of every part of the premises as to make it reasonable to infer that its servants, contrary to their duty, put the offending articles on the floor of the store, or negligently allowed them to be there when they knew or should have known of their presence, rather than that the banana peel upon which appellant stepped and fell may have come to be there without the fault of appellee or its employees.

■ It is fundamentally true that where, as in this case, there are no pleadings or testimony upon which to base a charge of negligence, the· trial court should, when properly requested, summarily instruct the jury to find for the defendant.

■ It is also the settled law in this state that where an instructed verdict should have been given, or when a special issue finding has no support in the evidence, the court may, upon motion to that effect, disregard the verdict of the jury and render judgment non obstante veredicto. Rule 301, Rules Civil Procedure; Wininger v. Ft. W. & D. C. Ry. Co., 105 Tex. 56, 143 S.W. ·1150; Moran v. Stanolind Oil & Gas Co., Tex.Civ.App., 127 S.W.2d 1012, writ dismissed, correct judgment; Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7; Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227, writ refused for want of merit; Gatlin v. Southwestern Settlement & Development Corp., Tex.Civ.App., 166 S.W.2d 150.

We believe the trial court correctly disposed of the controversy involved here and that the judgment should be affirmed. It is so ordered.