## BUSS v. SHEPHERD et al.
### No. 6133.

Court of Civil Appeals of Texas. Amarillo.
Feb. 26, 1951.

Rehearing Denied April 2, 1951.

------◆------

Mullinax, Wells & Ball, Dallas, Leigh Fischer, Borger, for appellant.

Simpson, Clayton & Fullingim, Amarillo, for appellees.

PITTS, Chief Justice.

Without changing the result in disposing of the appeal in our original opinion, we find it necessary to amend the same slightly as herein indicated as a result of a careful examination of appellant's motion for a rehearing filed March 14, 1951. The two portions amended are found in the first instance toward the latter part of paragraph three of the original opinion concerning the submission by the trial court of special issue number 26 and in the second instance found in paragraph four of the original opinion concerning the refusal of the trial court to submit appellant's requested special issue number 1. The said amendments are made in paragraphs four and five, respectively, of this opinion. The remainder of the original opinion is not disturbed, the result is the same and appellant's motion for a rehearing is otherwise overruled.

This is a damage suit filed by appellant, John Buss, against appellees, Orville Shepherd and Harold Ormon, individually and as a copartnership, d/b/a Shepmon's Builders Supply Company, for the sum of $22,073.45 as a result of an automobile collision on paved farm-to-market highway Number 278 in Hutchinson County at about 11:15 o'clock a. m. on or about May 21, 1949. The case was submitted to a jury upon special issues and a "take nothing" judgment was rendered for appellees as defendants upon the verdict of the jury and appellant has perfected his appeal.

The jury found, in effect, that appellees' automobile was being operated in excess of 60 miles per hour, which was a high rate of speed under the circumstances and that such was negligence but was not a proximate cause of the collision and damages; that appellees' driver was not operating his automobile upon the wrong side of the highway, that he had his automobile under proper control and was keeping a proper lookout immediately prior to the collision; that immediately before the collision appellant was in peril, which was discovered by appellees' driver, who realized that appellant probably would not remove himself from such position of peril, but that appellees' driver, by the exercise of ordinary care to use all the means at his command, consistent with the safety of himself, his passenger and the car he was driving, could not have avoided the collision. The further findings of the jury convicted appellant of contributory negligence in four separate counts, namely: for driving his automobile on the wrong side of the highway, for so driving it where drivers of vehicles approaching him could not see and observe his automobile until they were so close to him that a collision could not be avoided, for failing to keep a proper lookout, and for failing to keep his automobile under control as an ordinarily prudent person would have done under the same or similar circumstances. The jury further found that the collision was not the result of an unavoidable accident and no damages were awarded.

The jury thus exonerated appellees' driver of any negligence that proximately caused the collision and injuries and convicted appellant of four different acts of negligence, each of which was a proximate cause of the collision and injuries. Appellant does not challenge or attack any of the jury findings save and except the one failing to award damages, which becomes immaterial under the facts and circumstances otherwise found in the record. Appellant predicates his attack on the trial court's judgment principally upon the man-

ner in which the trial court submitted the issues on the question of discovered peril. But he also complains about the manner in which the trial court submitted special issue number 26 concerning appellant's contributory negligence because of his being on the wrong side of the highway at a point where his automobile could not be seen by those approaching him in time to avoid a collision. We find no fault with the manner in which such issue was submitted. Nevertheless, such a complaint becomes immaterial, even if it may have merit, since appellant was convicted of three other separate acts of contributory negligence, any one of which will prevent his recovery, if no reversible error in other assignments is shown, and none of the other three said acts of contributory negligence has been challenged by appellant and they must each therefore be given full force and effect.

 Appellant likewise complains because the trial court refused to submit his special requested issues numbers 1 and 2. Such issues were otherwise submitted by the trial court in substance as shown by the submission of issues numbers 17 and 18. It therefore appears that appellant is complaining about the form of issues submitted in substantially the same language as that used by him in his special requested issues. For that reason no error is shown.

 It should be observed before proceeding further that appellees object to any consideration by this court of appellant's points 1 and 4 through 10, both inclusive, on the grounds that they are not based upon any proper assignments of error appearing anywhere in appellant's motion for a new trial as is required by the Rules of Civil Procedure in any jury case. Rule 321, Vernon's Texas Rules of Civil Procedure, requires that in a motion for new trial in such cases, reference must be clearly made to that part of the trial court's ruling complained of in such a way that the same can be identified and understood by the court. Rule 374 provides that such a motion shall constitute the assignments of error and a ground of error not distinctly set forth in the said motion shall be considered as waived. It has often

been held that questions not raised in a motion for new trial in such cases cannot be considered on appeal. Cooper v. Cooper, Tex.Civ.App., 168 S.W.2d 686, and Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629, and other authorities there cited.

A careful examination of the record reveals that there is merit to the claims made by appellees. It further appears, however, that none of the points in question presents reversible error and for that reason they are being considered.

With reference to the manner of submission of the issues inquiring about discovered peril, the trial court submitted such issues, being numbers 16 to 19, both inclusive, successively and in the following language with the jury's answer following in each instance:

"16. Do you find from a preponderance of the evidence that immediately before the collision plaintiff was in a position of peril?

"Answer 'Yes' or 'No'.

"Answer *Yes*".

"17. Do you find from a preponderance of the evidence that the defendant discovered such peril, if any, of plaintiff?

"Answer 'Yes' or 'No'.

"Answer *Yes*".

"18. Do you find from a preponderance of the evidence that the defendant, his agents or employees, realized that plaintiff probably would not remove himself from such position of peril, if any?

"Answer 'Yes' or 'No'.

"Answer *Yes*".

"19. Do you find from a preponderance of the evidence that after defendant realized, if he did, that plaintiff probably would not remove himself from such position of peril, if such there was, the defendant, in the exercise of ordinary care to use all the means at his command consistent with the safety of himself, his passengers, and the car he was driving, could have avoided the collision.

"Answer 'Yes' or 'No'.

"Answer *No*".

Issues numbers 17, 18 and 19 were each conditionally submitted upon the answer given to the previous issue.

■ Appellant complains because the trial court used the word "defendant" rather than the phrase "defendant's employee, Osborne", in submitting special issues numbers 17, 18 and 19. However, the record in fact reveals that special issue number 18 uses the phrase "defendant, his agents or employees", as will be observed. The evidence reveals that neither of the defendants was at the scene of the collision at the time and place it occurred but that John W. Osborne was working for appellees and was driving their panel truck on the occasion when it collided with appellant's automobile. It is our opinion that it would have been better usage if the trial court had followed appellant's suggestion and have employed the phrase suggested in lieu of the word "defendant" in submitting the said issues to the jury, especially issues 17 and 19. However it is our opinion further that the issues, according to the record before us, were not confusing or misleading as submitted and no harm has been shown in the matter.

■ Appellant contends further that special issue number 18 as submitted was a comment on the weight of the evidence and implied that appellant was intentionally failing to remove himself from such position of peril. He asserts that the inquiry should have asked the jury to find whether or not appellant "would be able to remove himself from his perilous position" rather than to have inquired if appellant's agent realized that appellant "probably would not remove himself from such position of peril." We fail to see any material difference in the meaning of the language of the two clauses and we are not therefore in accord with appellant's contention in the matter which is overruled. Appellant likewise contends that the trial court should have used the phrase "would not be able to remove himself" in lieu of the phrase "would not remove himself" in submitting special issue number 19. That contention is likewise overruled for the same reasons previously given.

Appellant further charges that the trial court erred in refusing to submit in lieu of special issue number 19 his special requested issue number 3, which was present-

ed in the following language: "Do you find from a preponderance of the evidence that, after so discovering plaintiff peril, if any, Osborne, in the exercise of ordinary care by the use of all means at his command consistent with the safety of himself, his passenger, and the car he was driving could have by the use of all means at hand, avoided striking the plaintiff or have lessened the injury."

The principal difference in the issue submitted and the one requested, other than some of appellant's criticisms heretofore considered and overruled, is, in effect, that the one submitted inquired if appellees' driver could, by the exercise of ordinary care and with proper safety, "have avoided the collision", while appellant urges that in lieu of the last phrase mentioned the trial court should have submitted the phrase "have avoided striking the plaintiff (appellant) or have lessened the injury." The first criticism we make of appellant's proposed issue is that the evidence conclusively shows and appellant testified that the right front portion of his automobile struck appellees' truck about the middle of its door. There is no evidence to support that portion of appellant's proposed inquiry about appellees' driver avoiding "striking the plaintiff" when in fact, according to the evidence the front part of appellant's automobile "struck" the right-hand door of appellees' panel truck.

■ Then appellant urges that the trial court should have inquired in one and the same issue if the collision could have been avoided or the injury lessened and further urges that appellees' driver was duty bound to reduce the injury and damages even if he could not avoid the collision. If he be correct in his contention that both of these grounds for recovery have been raised by the evidence, he has tendered an issue that is multifarious and duplicitous since he proposes to inquire in one simple issue about two separate ultimate fact issues, namely, first, if the collision could have been avoided, and secondly, if not avoided, could the injury that resulted in the damages have been lessened. If he be correct in his contention made, there are two questions propounded in his proposed issue, one of which

could have been answered "no" and the other "yes", in which event it would have been impossible to give a correct answer to his proposed issue, which is multifarious and duplicitous and was therefore an improper issue to be submitted to the jury. 41 Tex.Jur. 1102, and other authorities there cited.

■ Rule 279, Vernon's Texas Rules of Civil Procedure, says failure to submit an issue shall not be deemed grounds for reversal of the judgment unless the complaining party has requested such in writing and has tendered to the trial court an issue stated in substantially correct language. In the case of Modica v. Howard, Tex.Civ. App., 161 S.W.2d 1093, 1094, the court in construing Rule 279, quoted the late Chief Justice Alexander of the Supreme Court of Texas as having said: "It will also be noted that the issue, definition, or instruction must be tendered in substantially correct form. This does not mean that it must be absolutely correct, nor does it mean that one that is merely sufficient to call the matter to the attention of the court will suffice. It means one that in substance and in the main is correct, and that is not affirmatively incorrect."

It is our opinion that appellant's special requested issue number 3 was not submitted in substantially correct language in support of his contentions made; on the contrary, it was affirmatively incorrect and an improperly drawn purported issue in support of his contentions made. Under the authorities cited, it was not a reversible error, if in fact any error, for the trial court to refuse to submit it in lieu of special issue number 19.

■ But, be that as it may, the evidence strongly supports the jury finding to the effect that appellees' driver did everything he could have done consistent with the safety of himself, his passenger and his automobile to avoid the collision. When the facts and circumstances are most favorably considered, they do no more than raise a mere surmise or suspicion that appellees' driver, Osborne, might have done something more to lessen the injuries. One of the elements of the doctrine of discovered peril is time enough to take some action after a perilous situation is discovered. Such doctrine often applies where the parties involved are moving slowly or where one of them, at least, is still or moving slowly. In the case at bar appellees' driver, Osborne, was driving more than 60 miles per hour on his side of a smoothly paved farm-to-market highway, which the evidence shows was 19 feet wide, approaching the top of a hill, when he saw appellant approaching him in a Chevrolet Coupe on the wrong side of the highway, right out in front of him, travelling 45 miles per hour. Osborne testified that he did not know how far apart the vehicles were when he first saw appellant's automobile nor how long it was before they collided. Appellant testified that he was driving about 45 miles per hour when he saw appellees' driver coming over the hill and the two vehicles were 60 or 70 feet apart when he first saw appellees' driver approaching and the vehicles collided in about three seconds thereafter. Under the facts and circumstances the two drivers must have observed each other about the same time. Osborne testified that appellant's automobile was wholly on his (Osborne's) side of the highway and he thought appellant would stay there and he put on his brakes and veered to the left in order to miss him but appellant also veered back toward the center of the highway and the collision occurred near the center of the highway. Osborne further testified that he did not have time to blow his horn or to stop his vehicle; that he put on his brakes, skidded his wheels and did all he could to avoid the collision and he did not believe he could have stopped his vehicle before the collision occurred. He further testified, in effect, on cross-examination that he did not believe he could have avoided the collision but there was a chance that he might have avoided it. The jury heard the evidence, weighed it, reconciled any conflicts therein in favor of appellees, as it had a right to do. The jury also found that appellant was on the wrong side of the highway and in Osborne's path; the finding is not challenged; the evidence shows the two motor vehicles moving rapidly toward each other in the

same path and the time was short; both drivers were in peril and neither of them knew what to do in order to avoid the collision and had little time to determine the best course to pursue. However, if appellant had remained on the wrong side of the highway and in the path of appellees' driver, even though he was wrongfully on that side of the highway, and if he had never turned his automobile back toward the center of the highway he probably would have avoided the collision with appellees' motor vehicle. The evidence shows that both motor vehicles were badly damaged and both drivers were injured. Appellant had a passenger riding with him who was likewise so badly injured that he had a lapse of memory and could not testify to any of the details about the collision. Appellees' driver, Osborne, had a passenger riding with him who was killed instantly as a result of the collision.

R. W. Howie, a State Highway Patrolman, testified that he appeared on the scene of the collision soon after it occurred and before the vehicles were removed, made an investigation, questioned all available witnesses and took measurements. He testified that the point of impact of the automobiles was nine inches from the center of the highway; that he observed skid marks on the pavement leading to appellees' panel truck; that they began on Osborne's side of the highway with the right-hand track only two feet from the edge of the pavement, followed the right-hand side of the pavement for 75 feet, turned abruptly toward the center of the pavement to the point of impact then led to the panel truck where it came to a stop nearby. The physical facts found to exist by the witness Howie corroborated the testimony given by appellees' driver Osborne. The Patrolman Howie likewise testified to mathematical calculations about speed, time and distances which supported Osborne's testimony to the effect that he did all he could to avoid the collision and that he was too close to do anything more to prevent the collision after he saw appellant approaching him, particularly inasmuch as appellant changed his course back toward his own side of the highway after appellees' driver saw him approaching.

In the case of Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112, 115, the Commission of Appeals set out, with the approval of the Supreme Court, the essential elements of the doctrine of discovered peril as follows: "(1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendants' agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means."

That case and the particular holding here referred to have both since been consistently followed. In the case of Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967, 969, the Supreme Court held that the rule allowing recovery of damages under the doctrine of discovered peril is exacting and further held that the sole question to be determined in such a matter is whether there is evidence that the driver in question had actually discovered the perilous position of the other party in time to avoid striking him, by the use of all the means at his command, consistent with the safety of himself, his passengers and his motor vehicle. In connection with such matters the court there further said: "The burden was upon the plaintiff to establish this fact. That the driver was guilty of violating those humane principles will neither be imputed nor presumed, but such guilt must be proved by competent evidence. In order to sustain a recovery, it must be shown that the driver actually discovered deceased and realized his perilous position in time to have averted the injury. If this is not done, no basis for recovery is established."

Numerous authorities are there cited by the Supreme Court including Turner v. Texas Co., supra. In support of our disposition being made of the issues here presented we likewise cite the recent case of Sisti v. Thompson, Tex.Sup., 229 S.W.2d 610. It should be remembered that in the case at bar the evidence shows that appel-

388

lant's motor vehicle struck appellees' motor vehicle while appellees' driver was using all the means at his command trying to avoid any collision.

For the reasons stated and under the authorities cited, it is our opinion that the trial court did not commit any reversible error in submitting special issue number 19 and that there was no reversible error, at least, in refusing to submit appellant's requested special issue number 3.

A careful examination of the record and of appellant's assignments of error reveals no reversible error. Appellant's points to the contrary are all therefore overruled and the judgment of the trial court is affirmed.