158

**SMITH v. SHULER.**

No. 2999.

Court of Civil Appeals of Texas.
Eastland.

May 1, 1953.

Park & Hemphill, Snyder, for appellant.

Sentell, Rosser & Willbern, Snyder, for appellee.

COLLINGS, Justice.

This suit was brought by Harvey Shuler, the owner of a 308 acre tract of land against R. A. Smith, to establish an easement for a roadway across an adjoining 240 acre tract belonging to Smith, as a means of ingress and egress to and from Shuler's land, and to enjoin Smith from hampering or interfering with Shuler and his agents in the rightful use of such easement. Smith answered by numerous exceptions to plaintiff's petition, by special and general denial and alleged that if plaintiff ever had an easement across his land that it had been abandoned. By cross action, Smith sought to enjoin the use of any of his land by Shuler as a roadway. The case was tried before a jury and based upon its verdict, judgment was entered for plaintiff Shuler granting an easement, as prayed, across Smith's land. Smith has appealed.

Both tracts here involved are part of a section of land previously owned by W. H. Shuler, father of appellee. W. H. Shuler owned and built a house in approximately the center of said section in 1916 and he and his family lived there until his death in 1927. When W. H. Shuler died, appellee Harvey Shuler, as an heir, became the owner of the 308 acre tract in question which is in the form of a square and located in the southwest corner of the section. The house was built upon this tract. Another son of W. H. Shuler became the owner of the east 240 acres and sold it to appellant Smith in August, 1945. It was found by the jury that at the time of the partition of the section of land among the children of W. H. Shuler, and prior thereto, there was a roadway from the house on

the tract now owned by appellee across the 240 acre tract now owned by appellant; that such roadway has existed as a permanent, well established and definite road of travel from a public road to the house on appellee Shuler's portion of the land and has been in continuous use from June 8, 1926 prior to the time of the partition of the land until it was closed by Smith in 1952; that such roadway was and is reasonably necessary to the use and enjoyment of Shuler's 308 acre tract.

■ It is contended by appellant's first point that the court erred in refusing to submit his requested special issues inquiring if appellee Shuler and his son-in-law, Jack Wright, refused to remove a cattle guard on the roadway in question, although requested to do so several times by appellant and whether such refusal amounted to an intention to abandon said road. The evidence relied upon to show abandonment is testimony by appellant concerning conversations he had with Jack Wright, son-in-law and tenant of appellee. Appellant testified that he requested Wright to move the cattle guard back to the new right-of-way line on the widened highway and informed Wright that if he would do so, appellant would fence to it. The evidence shows that the cattle guard was not moved and that appellant moved his fence back to the new right-of-way line and fenced off the cattle guard so that there was no entry to the roadway in question. There was no conversation between Shuler and appellant or anyone else concerning the matter. This evidence does not raise the issue of abandonment. There was no showing of any intention on the part of Shuler to abandon the easement or of any act or omission on his part to effectuate such an intention. 1 C.J.S., Abandonment, § 3, page 8; 1 Am. Jur. page 6. There was no authority on the part of Jack Wright to abandon the right-of-way easement owned by appellee Shuler. Even if Wright could be held to have had such authority, the facts and circumstances do not show an abandonment. The evidence is undisputed that Wright used the roadway until the very day that appellant fenced the outlet and thereby prevented its further use. The mere failure to promptly move the cattle guard does not raise the issue. The court did not err in refusing to submit appellant's requested special issues on abandonment because there is no evidence of an abandonment.

■ We likewise overrule appellant's second point complaining of the action of the court in refusing to submit requested special issues dealing with the claimed loss of the easement by noncompliance with a condition. The issues inquired, in effect, whether appellant, by an agreement with Jack Wright in 1945, granted an easement or right to use the roadway in question upon the condition that the fence would be kept "cow tight" and whether Shuler and Jack Wright had thereafter complied with such condition and kept the fence "cow tight." The court correctly refused to submit such issues because the right claimed by appellee Shuler and found by the court was not based upon an agreement with appellant but was an easement granted by implication many years prior to the time appellant purchased the 240 acre tract and was not subject to any such condition. There was no pleading or evidence that Wright had authority to act for and to bind Shuler to any condition in the use of the roadway.

■ The jury found, in answer to special issue No. 2 that the roadway in question had been in continuous existence and use from June 8, 1926 until closed by R. A. Smith in the early part of 1952, and answered special issue No. 7 to the effect that neither appellee Shuler nor his tenants expended money or time in improving and maintaining said roadway. Appellant contends that there is a conflict between these answers and that the court, therefore, erred in granting appellee judgment on the verdict. We find no conflict in the answers and the point is overruled.

■ Appellant further contends that the answer to special issue No. 7 was in conflict with the answer to special issue No. 8 which found that expenditures of time and money, if any, by Shuler and his tenants in improving and maintaining the roadway would be lost if the roadway was closed. The conflict, if any, in the answers to these issues is immaterial. The judgment was

not based upon answers to issues 7 and 8 but upon the answers to issues 1 to 5, inclusive, which found the existence of an easement by implication. This was a distinct and different ground of recovery from that contemplated in issues Nos. 7 and 8. Appellant's point No. 4 is overruled. 3 Tex.Jur., page 1247.

In appellant's fifth point it is contended that the word "lost" as used in special issue No. 8 was prejudicial to appellant in that it tended to make the jury unduly concerned and conscious of appellee's loss of the roadway. Appellant's sixth point urges that the court erred in not rendering judgment for him "because as a matter of law an owner of an easement does not acquire a right to unnecessarily continue it as originally used if such use in effect would destroy the rights of the owner to the enjoyment of his property." The above points were raised for the first time on this appeal and were not presented in appellant's motion for a new trial. Rule 374, Texas Rules of Civil Procedure, provides as follows:

> "The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. * * *"

In compliance with the provisions of the above rule, appellant's points five and six must be considered as waived and are accordingly overruled.

The judgment of the trial court is affirmed.