Edward L. WALKER, Appellant,

v.

YELLOW BELLY DRAG STRIP, Appellee.

No. 5465.

Court of Civil Appeals of Texas.

El Paso.

Oct. 25, 1961.

Parkhill, Watson & Grantham, Grand Prairie, for appellant.

Brundidge, Fountain, Elliott & Bateman, Harold A. Bateman, Ralph D. Churchill, Dallas, for appellee.

FRASER, Justice.

This is a summary judgment case, with the facts as follows:

Edward L. Walker brought suit in Dallas County against Yellow-Belly Drag Strip, a corporation, duly incorporated under the laws of the State of Texas, with its principal office in Dallas County, Texas, for damages growing out of personal injuries alleged to have occurred as the result of plaintiff's automobile striking large holes or dug-out places in defendant's race track, causing plaintiff to lose control of his automobile and upset same. The defendant filed a motion for summary judgment which was sustained by the court. Plaintiff filed motion for new trial, which was overruled by the trial court on March 18, 1960, and on that date the plaintiff gave notice of appeal.

Plaintiff charges defendant with negligence in allowing the chuckholes or dug-out places to exist in the race track and for failing to discover and repair such holes, and failing to warn the plaintiff of same; and, of course, maintains that such acts or act of negligence constituted a proximate cause of the injuries sustained by him.

Plaintiff, who was a man 30 years of age at the time of the accident, testified by oral deposition that he was driving a 1951 Ford pickup truck with a "souped-up" Pontiac engine in it; that he had used this pickup for similar racing off and on for over a month; that he had raced this and other cars on this particular place, to-wit, the Yellow-Belly Drag Strip, before; that the strip is paved with asphalt on blacktop and has two lanes, one for each car. Further, he testified that he was going about 100 miles an hour when he lost control of his car; that he had driven in this same west lane, where the accident happened, some two weeks prior to the accident; that the accident happened about 10:30 at night. He further testified that he had good lights on the pickup truck and had them on, but did not see the hole before he hit it. The accident occurred in the west lane.

He further testified that he had run the pickup two or three times the evening of the accident; that he had watched other people racing for at least 45 minutes; that on the evening in question, prior to the accident, he had done his racing entirely in the east lane.

■ There were other affidavits or depositions; but, this being a summary judgment case, we will consider the evidence favorable to the plaintiff in its most favorable light, so as to determine whether or not any genuine issue as to a material fact existed.

We will not burden this opinion with citations relative to summary judgment cases, as such law has long been well articulated.

■ There seems to be no question here but that the plaintiff was grievously injured and the car demolished; but, after study of the record, we believe the trial court was correct in granting the summary judgment. It seems to us that the plaintiff here has placed himself in such a position that he is either guilty of contributory negligence or the doctrine of volenti non fit injuria applies. According to his own testimony he had been racing in the east lane on the very evening of his accident. The pictures or exhibits show that the east and west lanes are separated only by two parallel yellow-painted lines. He also testified he had watched other people racing for at least 45 minutes. He arrived at the track at 8:00 o'clock, and his accident occurred at 10:30. He does not testify that he saw anybody using the west lane having difficulties, or hit any holes, although he did race against several people, side by side, they in the west and he in the east lane. The area was lighted, and he had lights on his car. It seems obvious, therefore, that he had had more than ample opportunity to observe all the conditions present at the time of his accident, having been there two hours or more; then raced the pickup in the west lane against another car in the east lane with the accident resulting therefrom. We

think these facts place him in the category of volenti non fit injuria. There is no evidence in the record whatever that the owner-defendant knew or should have known about the hole or dug-out places. The only testimony relevant thereto is from plaintiff, who says he hit same, and from a witness who examined the area the following day and said, by affidavit, that he saw a dug-out or chuckhole. He does not say, of course, when it got there or how it got there, and does not attempt to say that it got there before, during or after plaintiff's accident. It is not claimed that there was anything secret or hidden about the alleged holes. Therefore, it seems painfully apparent that plaintiff knew all that defendant could have, or should have, known about the conditions of the strip or roadway, and entered willingly thereon to race. We must therefore hold that his conduct and actions placed him under the well-known volenti doctrine. A. C. Burton Co., Inc. v. Stasny, Tex.Civ. App., 223 S.W.2d 310 (err. ref.); Hansen v. Ware's, Inc., Tex.Civ.App., 324 S.W.2d 909 (no wr. hist.); Fort Worth & D. C. Ry. Co. v. Hambright, 130 S.W.2d 436 (err. dis'm.); Russell v. Liggett Drug Co., Inc., Tex.Civ.App., 153 S.W.2d 231 (err. ref. want of merit).

If, however, the plaintiff did not or does not come under the pains and penalties of the volenti doctrine—in other words, if it can be said that he did not, and/or should not, have known or noticed the danger, if danger there was, by virtue of the alleged holes—then in our opinion he would be guilty of contributory negligence as a matter of law, for driving another man's pickup 100 miles an hour at 10:30 at night without having ascertained whether the strip or road was safe.

We also must agree with defendant's position that plaintiff failed to show that defendant was in any way responsible for the presence of the alleged holes, or that said defendant knew or should have known about same. It has long been basic law in Texas that no matter how tragic and grievous an accident or injury may be, the defendant must first be found guilty of negligence of some sort that proximately causes the plaintiff's injuries. This doctrine has been tried and tried, and tried again, in the many "slip and fall" cases that have been before the courts. These cases universally hold that unless the owner of the premises either created the hazard or negligently allowed it to remain when he knew, or should have known, of its existence, he is not liable. In other words, the defendant in this type of case must be guilty either of creating the danger or negligently permitting it to exist when he knew, or should have known, of its presence. In the case before us, plaintiff had watched other cars race and had raced side by side with other cars on this same strip, and there is no evidence in the record that anybody had any trouble other than the plaintiff. As stated above, the plaintiff said he hit one or several holes, and a witness said he found a hole the next day. Defendant denied existence of any holes. We do not consider this sufficient testimony to convict defendant of negligence. In other words, the only fact issue that appears here seems to us not to be a material fact issue. In other words, did the plaintiff, or did he not, hit a hole or some holes? On the basis of the fact situation in this case, we do not believe this to be a material fact issue, but believe that the plaintiff had ample opportunity to inspect and observe the condition of the strip on which he eventually had his accident, and if he did not use this opportunity, then he was contributorily negligent in running the car 100 miles an hour over unknown territory, at 10:30 at night; and, lastly, that if such hole or holes did exist, there is no showing by the plaintiff that defendant either put them there, or knew or should have known that they were present, and we therefore hold that the granting of the summary judgment by the trial court was correct. Montfort v. West Texas Hotel Co., Tex.Civ.App., 117 S.W.2d 811. It has long been decided that defendant owner of premises is not an insurer of

invitee's safety. Worth Food Markets, Inc., v. LeBaume, Tex.Civ.App., 112 S.W. 2d 1089 (err. dis'm.) ; Smith v. Safeway Stores, Inc., Tex.Civ.App., 167 S.W.2d 1044 (no wr. hist.).

Therefore, appellant's points are all overruled, and the judgment of the trial court affirmed.