Mrs. Cora **REYNOLDS**, Appellant,

v.

Sam W. **PETTIGREW** et al., Appellees.

No. 16004.

Court of Civil Appeals of Texas.

Dallas.

May 11, 1962.

Rehearing Denied June 22, 1962.

C. C. Renfro, Dallas, for appellant.

William P. Fonville, Dallas, for appellees.

YOUNG, Justice.

This controversy simply involves the nature and amount of attorney's fees; appellant having brought suit to cancel, because of alleged fraudulent representations, the written contract of November 11th, 1959 for a one-third contingent interest in her described lands in return for legal services rendered and to be rendered by Sam W. Pettigrew and J. Alex Blakeley; she claiming that under an earlier contract of October 8, 1959 such fee for legal services was fixed at $25 per hour and in accordance with the Dallas Bar Association schedule of fees. On the jury answers, the court rendered judgment in favor of appellees Pettigrew and Blakeley, each, a one-sixth interest in appellant's various tracts of land, followed by this appeal.

Omitting conditional issues not answered by the jury, their verdict will now be outlined in substance; (the term "plaintiff's exhibit No. 7" referring to appellees' contract of November 11th, 1959 for the one-third contingent interest which plaintiff had sought to cancel) (1) that with reference to plaintiff's Exhibit No. 7 Sam Pettigrew did not represent to Mrs. Cora Reynolds that it was necessary for her to sign said instrument in order for a suit to be filed and that he would have authority to get another lawyer to help him; (5a) that at time Mrs. Cora Reynolds signed plaintiff's Exhibit No. 7, she knew that such instrument conveyed to said Sam Pettigrew an undivided one-third interest to her properties; (6) that Cora Reynolds requested Sam Pettigrew to pay interest on the loan to Selikoff; (7) that the payment of interest on the loan to Selikoff represented by Sam Pettigrew's check was not a loan to Mrs. Reynolds; (8) that the request of Mrs. Reynolds for the payment of interest on the loan to Selikoff was a recognition by Mrs. Reynolds of Pettigrew's interest in the property in question; (9) that Pettigrew relied on such recognition in making the payment of interest on the loan in question; (9a) that Pettigrew would not have made the payment of interest on the loan but for such recognition as found in answer to Issue No. 8. Similar issues 10 through 13 with reference to appellee J. Alex Blakeley were likewise answered favorably to him. The jury found in response to Issue No. 14 that Pettigrew and Blakeley spent on the investigation, preparation, handling and closing of the case involving the property of Mrs. Reynolds a total of 375 hours.

Plaintiff below, Mrs. Reynolds, in the business of operating tourist courts, was the owner of considerable property, lying principally in Dallas County and had followed a practice of conveying tracts from time to time to her son, Dr. A. M. Reynolds, of De Leon, Comanche County, to hold for her; the latter forming a Texas Corporation to which the properties were later transferred. In the summer of 1959 Mrs. Reynolds learned that her son had conveyed a one-third interest in the properties to a named law firm as a pledge for services to be rendered to this Corporation which instrument the law firm had refused to cancel upon demand. Thereafter Mrs. Reynolds had consulted appellee Pettigrew, who agreed in written contract of October 8, 1959 to render all legal services necessary "to getting my property

straightened out" for a fee of $25 per hour, plus travel and telephone expense, said charge being according to the minimum schedule of fees fixed by the Dallas Bar Association. In the meanwhile, differences had arisen between Mrs. Reynolds and Dr. Reynolds with respect to her properties held by him; and it appearing that litigation was inevitable against not only this named law firm but also Dr. Reynolds and the Corporation, Pettigrew so advised Mrs. Reynolds, stating that he would be required to secure the assistance of another lawyer. Then came the later written agreement between the parties as to a fee schedule, verbally agreed upon on October 17, 1959 and reduced to writing on November 11th, referred to in the court's charge as plaintiff's exhibit No. 7. Paragraphs 3 and 4 of this later contract reads: "This is to certify further that I have learned that my property, hereinafter described, has been conveyed to A. M. REYNOLDS, INCORPORATED, and if such conveyance was made, it was done through fraud and misrepresentation on the part of A. M. REYNOLDS, INCORPORATED, or its President, DR. A. M. REYNOLDS.

"This is to certify further that I have employed Attorney SAM W. PETTIGREW to take whatever action necessary to recover the hereinafter described property and such employment was effective as of the 8th day of October, 1959, and I certify further that such employment is on a contingent basis in that if I fail to recover my property, that no fees will be due other than the expenses involved such as travel, telephone, court costs, etc." The contract further authorized the hiring by Pettigrew of additional counsel. After considerable negotiations and the filing of two law suits, appellees were successful in recovering for appellant all of the lands in suit.

The foregoing is explanatory of Issue No. 1, plaintiff testifying at time of signing the November 11th instrument that Pettigrew had not disclosed to her that the prior agreement as to attorney's fees of $25 per hour had been abandoned and replaced by one of contingent interest in her lands; thus raising this issue and answered adversely to Mrs. Reynolds.

■ Appellant's points of error are (1) the evidence is insufficient to support the judgment rendered in favor of appellees; (2, 3 and 4) that Issues 7, 8 and 9 involved questions of law as distinguished from questions of fact; (5) error in submission of 9a because "such isolated item of $390 was not sufficient to establish title to an undivided one-third interest in $300,000 worth of real property." Appellees object to any consideration of above points one and five, because not germane to any assignment of error as contained in her amended motion for new trial. Rule 324, Texas Rules Civil Procedure. The objection must be sustained. Under Rule 374, T.R.C.P. "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

■ Special Issues 7, 8, 9 and 9a clearly do not involve questions of law. They presented the additional defense of estoppel on part of appellant to deny that the conveyance to Pettigrew was obtained by fraud, and was conditioned upon an affirmative finding of fraud in favor of appellant. But the jury has answered the controlling Issue No. 1 in the negative, rendering immaterial these issues on estoppel, even if error had appeared in their submission, which we do not find.

The judgment in question incidentally is well supported in fact; the contract of November 11th expressly stating that the contingent one-third interest was effective from October 8th, 1959, the inception of Pettigrew's employment. It had superseded the earlier instrument on the subject of attorney's fees.

All points presented are without merit and the judgment under review is accordingly affirmed.