J. WEINGARTEN, INC., Appellant,

v.

Leola TYRA et vir, Appellees.

No. 45.

Court of Civil Appeals of Texas.

Tyler.

July 16, 1964.

B. Jeff Crane, Jr., Vinson, Elkins, Weems & Searls, Houston, for appellant.

W. A. Chanslor, Jr., Coleman & Chanslor, Houston, for appellees.

DUNAGAN, Chief Justice.

This is a suit arising out of bodily injuries allegedly sustained by Mrs. Leola Tyra, Appellee, when she tripped and fell over a small movable concrete block approximately 8 to 10 inches high and 12 inches wide at the base, such block being located on the parking lot outside a grocery store on Lyons Avenue, owned and operated by J. Weingarten, Inc., Appellant.

Judgment was entered in this case on the 26th day of July, 1963, and Appellant's motion for a new trial was overruled on the 13th day of September, 1963. This appeal has been regularly perfected since that time. In the court below, Appellees were plaintiffs and appellant was defendant.

This case was submitted to the jury upon eight (8) Special Issues to which the jury made the following findings:

Issue No. 1) Defendant, its agents and employees, knew the cement block was on defendant's parking lot.

Issue No. 2) Defendant, its agents and employees, allowed the cement block to remain for an unreasonable length of time.

Issue No. 3) Defendant, its agents and employees, in allowing the cement block to remain for an unreasonable length of time, was negligent.

Issue No. 4) Such negligence was a proximate cause of the plaintiff's injuries.

Issue No. 5) Plaintiff did not fail to maintain a proper lookout.

Issue No. 7) The occurrence was not an unavoidable accident.

Issue No. 8) Plaintiff's damages are $850.00.

It is the Appellant's contention by points 1, 2, 3, 4, 5 and 6, that there is no competent evidence that Appellant knew the small concrete block was present on the parking lot outside the grocery store and negligently failed to remove it, and as a matter of law, Appellee should be permitted no recovery. We sustain this contention.

Appellee, Leola Tyra, testified:

"Q. You told us you were shopping in Weingartens back on September the 30th, 1961?

"A. Yes sir.

"Q. And that is the Weingartens on Lyons Avenue?

"A. Yes sir.

"Q. Did you shop there often?

"A. I do lots—an awful lot of my shopping there.

"Q. Well, will you say you shop there once a week or more often?

"A. Yes sir.

"Q. Which—once a week?

"A. Once a week.

"Q. And how long did you shop there before this accident happened?

"A. The week before.

"Q. Well, how long all together have you been shopping there?

"A. Oh—from seven to eight to nine years.

"*  *  *

"Q. Yes, ma'am. All right, can you tell us how you came to fall down over the stone?

"A. Well, I had never seen this stone before—you know—I have been to the store many, many times but I had never noticed that stone before.

"* * *

"Q. Do you know yourself how the stone got there?

"A. Well, no—I don't know—just how come it out there * * *.

"* * *

"Q. All right, you stated earlier you had been shopping at Weingarten's seven, eight or nine years once a week. Had you ever seen this stone or any other stone similar to it before this date?

"A. I had not."

Molly Scofield, an employee of Weingartens at the time Mrs. Tyra allegedly received her injuries, gave the following testimony:

"Q. Do you know who put the stones out there?

"A. No, I don't.

"* * *

"Q. All right, had you, when you came to work in the mornings or leaving in the afternoons, did you have occasion to notice these blocks?

"A. Yes sir.

"Q. How long were they there?

"A. I couldn't say—I really don't know.

"Q. Were there—do you think they were there the whole time you were there before the accident happened?

"A. I don't believe so because I believe I was in and out that door all the time.

"Q. And you don't think they were there all the time after you started working there?

"A. I don't know.

"* * *

"A. Well, like I said a while ago, I quit four months ago.·

"Q. You worked for them continuously up to then?

"A. Yes sir.

"Q. When did they remove these stones—blocks?

"A. I don't know about them removing them.

"* * *

"Q. * * * Now, you did testify you had seen those stones there before the accident?

"A. Now, you are just getting me confused—I said I didn't see that stone until Mrs. Tyra had fell and I went out there.

"Q. You hadn't seen it before the day she fell on it?

"A. I don't remember anything about a stone.

"Q. But it was there the day she fell?

"A. She fell over the stone.

"* * *

"Q. You said this stone was big enough for anybody to see as they walked across the parking lot?

"A. I hadn't noticed it—it was big enough to be seen."

Mavis Stanislew, who was also an employee of Weingartens at the time of this accident, testified as follows:

"Q. Had you noticed these stone blocks in the parking lot and all around the store during the time you worked there prior to her falling?

"A. I hadn't paid any attention to them—I suppose we put Christmas trees in them.

"Q. This accident happened in September?

"A. I know.

"Q. That is a good long while before Christmas—do you know what

**218**

they were doing out there before Christmas?

"A. I don't know.

" * * *

"Q. You don't know how long they were out there before September, 1961, is that right?

"A. I don't remember seeing them —I guess I didn't pay any attention.

" * * *

"Q. Are these stone blocks something you could see without any difficulty?

"A. Oh, yes."

The law does not impose upon a merchant the duty of being an insurer of the safety of his patrons while on the premises; his duty is to exercise ordinary care to protect them from accident and injury. But such a duty arises only when the dangerous thing, or condition, is known to the merchant, or when it is shown to have openly existed for such a length of time as that a person of ordinary prudence would have discovered it and removed the danger. Worth Food Markets, Inc. v. Le Baume, (Tex.Civ.App.) 1938, 112 S.W.2d 1089, writ dismissed; Montfort v. West Texas Hotel Co., (Tex.Civ.App.) 1938, 117 S.W.2d 811, writ refused; Graham v. F. W. Woolworth Co., Inc., (Tex.Civ.App.) 1925, 277 S.W. 223, writ dismissed; Great Atlantic & Pacific Tea Co. v. Logan, (Tex.Civ.App.) 1930, 33 S.W.2d 470, no writ history; McElhenny v. Thielepape, 1956, 155 Tex. 319, 285 S.W.2d 940; R. E. Cox Dry Goods Co. v. Kellog, (Tex.Civ.App.) 1940, 145 S.W.2d 675, no writ history; Smith v. Safeway Stores, Inc., (Tex.Civ.App.) 1943, 167 S.W.2d 1044, no writ history.

It is well settled under the law of this state, in order to establish liability against the Appellant, in a case of this kind, it is necessary to show:

1) That the Defendant put the foreign substance on the premises, or

2) That the Defendant knew the foreign substance was on the premises and willfully or negligently failed to remove it, or

3) That the foreign substance had been upon the premises for such a period of time that it would have been discovered and removed by the Defendant had the Defendant exercised ordinary care. Beard v. Henke & Pillot, Inc., (Tex. Civ.App.) 1958, 314 S.W.2d 844, no writ history; O'Neal v. J. Weingarten, Inc., (Tex.Civ.App.) 1959, 328 S.W.2d 793, writ refused, n. r. e.; H. E. Butt Grocery Co. v. Johnson, (Tex.Civ. App.) 1949, 226 S.W.2d 501, writ refused, n. r. e.; Del Camino Courts, Incorporated, v. Curtice, (Tex.Civ. App.) 1959, 323 S.W.2d 355, no writ history; J. Weingarten, Inc. v. Reagan, (Tex.Civ.App.) 1963, 366 S.W. 2d 879, no writ history.

In a case of this kind the burden of proof is upon the plaintiff, (Appellee) to introduce testimony of probative force establishing negligence on the part of the defendant (Appellant). The mere happening of the event does not, of itself, infer negligence. We have carefully examined and analyzed the testimony in this record and find ourselves unable to agree with Appellees that they have sustained their burden of proof by bringing forth testimony of probative force creating a legal liability against the Appellant. There is an entire absence of testimony in this case that the Appellant or its agents and employees knew that the stone block was on the parking lot at the time of this accident. The evidence is undisputed that no one knew how long the stone block had been on the parking lot prior to Mrs. Tyra's fall. The mere presence of the stone block on the parking lot is insufficient to warrant an inference that the store keeper placed or left it there or had knowledge to its presence or that it had been there long enough to enable the store keeper to discover and correct it by the exercise of ordinary care. The Great Atlantic

and Pacific Tea Company v. Giles, (Tex. Civ.App.) 1962, 354 S.W.2d 410, writ refused, n. r. e.; Dill v. Holt's Sporting Goods Store, (Tex.Civ.App.) 1959, 323 S.W.2d 644, no writ history.

■ Appellee's testimony, considered in the most favorable light, does nothing more than raise a suspicion or surmise, and amounts to no more than a scintilla of evidence, concerning whether or not the Appellant, its agents, and employees, knew the cement block was on the Appellant's parking lot which has long been held to be insufficient to raise an issue of fact. Speer, Law of Special Issues in Texas, 1932, Sec. 165; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; The Great Atlantic and Pacific Tea Company v. Giles, supra.

In the case of Houston Fire & Casualty Ins. Co. v. Biber, (Tex.Civ.App.) 1940, 146 S.W.2d 442, dism. judgm. cor., the court says, "If the probative force of evidence be so weak that it raised only a surmise or suspicion of the existence of a fact sought to be established, that evidence in legal contemplation is 'no evidence' and will not support a finding which comprehends the existence of the disputed fact." Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Austin v. Neiman, (Tex.Comm.App.) 14 S.W.2d 794.

In Rawls v. H. O. Hochschild, Kohn & Company, Inc., 207 Md. 113, 113 A.2d 405, 410, 62 A.L.R.2d 124. The Court of Appeals for Maryland in finding no error in the granting of defendant's motion for judgment notwithstanding the verdict stated that "it could not be proved that plaintiff was the first customer to enter the store and to walk down the stairway to the basement. * * * Thus it was purely a matter of speculation whether the alleged water was dropped by an employee or by someone else." The court further stated " * * * there was no evidence to indicate how it had been brought there or how long it had been there. Therefore, we find that the alleged dangerous condition, namely the water on the stairway, was not such as to warrant the inference that it had been there long enough to have enabled defendant to discover and correct it by the exercise of ordinary care." See Graham v. F. W. Woolworth Co., Inc., supra.

■ We are loath to disregard the verdict of a jury and are disposed to give a degree of latitude to the right of a jury to find the facts in every case, but where the facts are such that, in our opinion as a matter of law, they are not sufficient to raise an issue of fact on which a recovery may be had, it becomes our duty to say so. Worth Food Markets, Inc. v. Le Baume, supra.

We believe the evidence wholly insufficient to raise the issue of liability upon the defendant below. There is none that the defendant had knowledge of the presence of the stone block on the parking lot and the evidence is insufficient to show that it had been in a place making it a dangerous instrumentality for such a length of time that it became the duty of the defendant to discover and remove it.

The Appellant in points of error numbers 7, 8 and 9 says the Court erred in submitting to the jury over timely and proper objections of the Appellant, Special Issue No. 4 and No. 8.

■ Examination discloses that these matters were not mentioned in Appellant's motion for a new trial. In the absence of assignments of error pertaining to them, the questions which Appellant attempts to raise in its 7, 8 and 9 points are not before us on this appeal. Rule 321 and 374, Texas Rules of Civil Procedure; Farmer v. Dodson, (Tex.Civ.App.) 1959, 326 S.W.2d 57, no writ history; Smith v. Shuler, (Tex.Civ. App.) 1953, 258 S.W.2d 158, no writ history; Buss v. Shepherd, (Tex.Civ.App.) 1951, 240 S.W.2d 382, no writ history; Adams v. State Board of Insurance, (Tex.Civ.App.) 319 S.W.2d 750, writ refused, n. r. e.; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; Dial Temp Air Conditioning Company v. Faulhaber (Tex.Civ.App.) 1960, 340 S.W. 2d 82, writ refused, n. r. e.; Reynolds v.

Pettigrew, (Tex.Civ.App.) 1962, 358 S.W. 2d 880, no writ history; Missouri Pacific Railroad Co. v. Ramirez, (Tex.Civ.App.) 1959, 326 S.W.2d 50, writ refused, n. r. e.

The judgment of the trial court is reversed and judgment is here rendered for Appellant.